NANCY H. WEILLS, *Appellant,* v. CITY OF VERO BEACH, FLORIDA, et als, *Appellees.*

Division B.

Opinion filed December 22, 1928.

*C. P. Diamond* and *Guyte P. McCord,* for Appellant;

*Vocelle & Mitchell,* for Appellee.

BUFORD, J.—In this case the appellant sold certain lands lying in the four quarter sections or "Forties." She received $5,000 in cash and nine notes for $5,000 each. The first three notes were paid, then default occurred. The purchaser sold and conveyed the property to Vero Highland Park Company subject to the mortgage. This vendee thereafter proceeded to plat the property for the purpose of sale

in lots. Plat No. 1 appears to have been filed in the public records of St. Lucie County, September 18th, 1924. Plat No. 2 was filed and recorded in the public records of Indian River County (which county had been created embracing a part of what had been St. Lucie County), in which these lands were located. On March 18th, 1926, Plat No. 3 was filed and recorded in the public records of Indian River County on March 24, 1927. On Plat No. 2 and Plat No. 3 there was a dedication in the following language:

"We, the undersigned, the owner of land comprising Plat No. 3 (or No. 2) Highland Park as shown on this plat hereby dedicate said plat and streets thereon as described therein and an easement on, in and under the rear 5 ft. of all lots for the location of sewers, poles, water pipes, drains, telephone and electric cables or ducts."

These dedications were executed in the presence of subscribing witnesses by the president and vice-president of the corporation making the dedication and were duly acknowledged. Plat No. 2, it is alleged, was approved by the city counsel of the City of Vero Beach on the 11th day of February, 1926.

The mortgagee released from the lien of the mortgage the lots embraced and shown on Plat No. 1 and later released the lien on the lots shown on Plat No. 2. The last release made by the mortgagee appears to have been made July 7th, 1926, which was prior to any attempted dedication of streets as designated in and on Plat No. 3 except as a dedication may be inferred from streets designated and shown on Plat No. 1, and also shown on Plat No. 3. As to Plat No. 1 however, there is no record, save and except the filing of the plat, either of a dedication of streets, nor

is there any evidence of the acceptance by the municipal authorities of such dedication.

The City of Vero Beach was made a party to the suit because of this alleged dedication of streets and 5 ft. on the rear of each lot. The City of Vero Beach filed an answer claiming a dedication of the streets shown on the three plats, it being alleged that the dedication had occurred by the owner of the property and had been concurred in and ratified by the mortgagee. Motion was made to strike part of the answer, which motion was denied, and on final hearing the decree was in favor of the City of Vero Beach for the use and benefit of the public ''in and to those certain portions of the said mortgaged property designated and marked streets, avenues, places, and drives on the three recorded plats of the said Highland Park Subdivision, and to the rear five feet of all the lots in said subdivision, as designated on said plats, by virtue of the dedication thereof by the said Vero Highland Park Company, are superior to the rights of the complainant under her said mortgage; that the complainant's right of foreclosure and sale under said mortgage as to the property embraced in said streets, avenues, places and drives, and the rear five feet of all lots in said subdivision, is subject to the rights of the City of Vero Beach, for the use of the public, under and by virtue of such dedication by the Vero Highland Park Company; that the complainant, by her act in executing releases as to certain blocks and lots in said subdivision according to the plats thereof, and by her acquiescence in said dedication, ratified such dedication and is now estopped to revoke such dedication.''

The question involved in this case is, ''under all the facts shown by the record which has the superior right, the mortgagee or the City of Vero Beach to that part of the property in Vero Highland Park Subdivision embraced in

the streets and in the rear 5 ft. of the lots?'' It not contended that there was any dedication by the mortgagee. It appears to be well settled that:

> ''While a mortgagor may of course dedicate land to the public use so as to divest himself of any rights in the property dedicated, he cannot by such dedication affect the rights of the mortgagee; and on the foreclosure of the mortgage the mortgagee has the right to rovoke a dedication made by the mortgagor. However, it is held that where the mortgagee makes no objection third persons cannot object that a dedication is invalid because the lands were mortgaged; and that where the mortgagee is present at sales according to a plat and does not object then or afterwards, his assent to the dedication of the streets indicated on the plat will be presumed.'' 18 C. J. 45.

This enunciation of the law has been upheld by the courts throughout this county and, we think, is unquestionably correct. The dedication of the streets and 5 ft. on the rear of the lots as designated on Plat No. 2, while never having been formally accepted by the City of Vero Beach, appears to have been ratified and confirmed by the mortgagee in standing by and seeing lots sold according to the plat so filed tendering such dedication and by releasing from the lien of the mortgage the lots designated in that plat according to the description appearing on the plat, and likewise the mortgagee must be held to have concurred in and to be estopped from now questioning the dedication of the streets and 5 ft. on the rear end of the lots shown on Plat No. 1, although this plat does not in terms carry with it a dedication of that part of the property for the public use. The plat did, however, show the lots, blocks and streets by

numbers and names and the mortgagee released the lots according to the description appearing on the plat.

The record in this case, however, does not disclose that like ratification and confirmation was indulged in by the mortgagee as to the dedication of streets and 5 ft. off of the rear end of lots as shown on Plat No. 3 and not shown on Plat No. 1. We find no substantial evidence in the record supporting the contention that the complainant in anywise ratified the dedication as to the lands last above mentioned. Neither do we find any evidence of a formal acceptance by the city or the public of the dedication so attempted to have been made either by public use or on the record and, therefore, the proof falls short of the rule requiring that dedication as well as acceptance thereof by the public or public authority must be shown. City of Miami v. Fla. East Coast Ry. Co. 79 Fla. 539, 84 So. R 726.

"To constitute a dedication at common law there must be an intention on the part of the proprietor of the land to dedicate the same to public use; there must be an acceptance by the public; and the proof of these facts must be clear, satisfactory and unequivocal." City of Miami v. F. E. C. Ry. Co., *supra.*

The decree of the chancellor must, therefore, be reversed insofar as it applies to the streets and 5 ft. off of the rear of the lots as shown and designated on Plat No. 3 and not shown and designated on Plat No. 1, with directions that the decree be reformed so as to conform to the conclusions reached in this opinion. It is so ordered.

Reversed.

WHITFIELD, P. J., AND TERRELL, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.

Opinion filed December 22, 1928.

*C. P. Diamond* and *Guyte P. McCord,* for Appellant; *Vocelle & Mitchell,* for Appellees.