ROSA E. ROE, *et vir*, Appellants, v. GEORGE H. KENDRICK, *et ux.*, Appellees.

200 So. 394
Special Division B
Opinion Filed February 11, 1941
Rehearing Denied February 28, 1941

*M. H. Edwards* and *George Palmer Garrett,* for Appellants;

*Don Register,* for Appellees.

BUFORD, J.—Appeal brings for review final decree quieting title to a strip of land thirty feet wide and one hundred ninety-one and two-tenths feet long lying immediately west of Lot 1 in Block C of Howard Cannon Park in Polk County, Florida.

Howard Cannon Park was platted and the plat filed for record in the office of the Clerk of the Circuit Court of Polk County on December 2, 1921. This plat showed Block B consisting of six (6) lots, then the 30-foot strip above referred to and then Block C consisting of ten (10) lots.

There was no lettering on the map to indicate whether that strip was intended to be a public passageway or not. There appeared on the map one forty-foot drive designated Lake Cannon Boulevard; another drive between Lake Howard and Blocks D and E as shown on the plat which was designated as Lake Howard Avenue, and another drive lying south of Block E, and south of that area marked "Home and Grove," which was designated Deer Lake Avenue.

Defendants' predecessors in title purchased Lot 1 in Block C from the immediate grantee of the owner who platted the land and sold that lot according to the plat.

There is nothing in the record to show that the original vendor made any verbal or written representations to the purchasers of Lot 1 in Block C that the 30-foot strip, *supra,*

was to remain open as a passage-way or was dedicated to the public. The only evidence in this regard is the plat itself. Before the defendants purchased Lot 1, *supra,* the original owner and vendor, who made and filed the plat, *supra,* sold the lands lying west of Block C, together with other lands, to a third party describing the lands by meets and bounds which description included the 30-foot strip, *supra.* Thereafter, and before purchase of Lot 1 by defendants, the purchaser who acquired title by metes and bounds, *supra,* replatted the subdivision except Blocks C and D and by this plat the 30-foot strip was included in Lot 7 of Block B.

The evidence warrants the conclusion of the chancellor that the 30-foot strip was never used as a passageway either by the public or the owners of Lot 1 in Block C as a way to reach Lake Cannon either from Lot 1, *supra,* or from Lake Cannon Boulevard. As the plat itself does not make it clearly to appear that the 30-foot strip was intended to be dedicated as a passage-way for public use, or for the benefit of lot owners in common, parol evidence was properly admitted to prove the intention of the parties.

The evidence fails to establish that the vendor under the original plat intended to dedicate this strip either to the use of lot owners or to the public.

It is well settled that to constitute a dedication there must be an intention by the owner clearly indicated by his words or acts to dedicate the land to public use and an acceptance by the public of the dedication, and proof of these facts must be clear, satisfactory and unequivocal. See City of Palmetto v. Katsch, 86 Fla. 506, 98 Sou. 352; City of Miami v. F. E. C. Ry. Co., 79 Fla. 539, 84 Sou. 726; State v. Welpton, 34 Iowa 144.

The burden to establish dedication is on the party asserting it. Wilson, Att'y. Gen., v. Lakeview Land Co., 143 Ala. 291, 39 Sou. 303.

We do not mean to hold that before an adjoining lot owner may maintain his right to have a dedicated space left open for his convenience and enjoy an easement therein, there must be an acceptance by the public of the dedication. His rights in this regard are not dependent upon the acceptance by the public, but before his rights accrue in such easement, it must be clearly and unequivocally shown that it was the intention of the owner to so dedicate. As the intent of the owner to dedicate the particular strip is not clearly and unequivocally shown, no good purpose can be served by discussing or stating what rights the adjoining lot owner would have acquired, had the dedication been clearly shown.

The defendants, relying upon the alleged dedication, have not carried the burden required of them in this regard and, no reversible error being found in the record, the decree is affirmed.

So ordered.

Affirmed.

BROWN, C. J., TERRELL and CHAPMAN, J. J., concur.