O’CONNELL, Justice.
Appellant, hereinafter referred to as the County, was the plaintiff below. Appellees were defendants in the court below and will be so referred.to herein.
In the Court below, County filed a complaint in chancery, seeking to require the defendants to remove a fence from a portion of a road right-of-way allegedly dedicated by defendants’ predecessor in title. The facts material to the disposition of the issues raised in this appeal were stipulated between the parties.
A petition was filed with the County in Í950 seeking establishment of a public road over designated lands. The petition contained an agreement by petitioners to donate a right-of-way over lands owned by them in event of the establishment of such a road. A road had theretofore and did then exist along essentially the same route as that described in the petition, the variance being that the western terminus of the existing road ran about thirty feet south of the center line of the road petitioned for. It is the land of the defendants, lying north of the existing road, that would be affected by the change in the western terminus of the road which provoked this litigation.
The defendants’ lands were among those involved in the petition, and the petition was signed by their predecessor in title, W. P. Gary. W. P. Gary died in 1952. Defendants are his heirs.
There is no controversy over the fact that such petition constituted an offer to dedicate. But no affirmative action was taken in the matter until the Board of County Commissioners, in 1954, accepted recommendation of viewers appointed by it, that the road be established, and notice of the intention to establish the road was posted (presumably in accordance with 343.-05 F.S.A.). When.this notice was posted the defendants objected to the establishment of the road. No order establishing the road appears from the. record before us, to have been adopted by the County, either before or after defendants’ objections were made.
The question to be decided is whether the offer of dedication made by defendants’ predecessor in title was ever accepted by the County so as to be binding on defendants. The trial court obviously found that there was no acceptance. We agree that the trial court was correct.
The burden to establish dedication is on the party asserting it. Roe v. Kendrick, 146 Fla. 119, 200 So. 394. The County did not, according to the record before this Court, accept the offer of dedication prior to the objection to the establishment of the road by the defendants. We do not construe the acceptance of the *751 viewers’ recommendations as being an acceptance of the offer of dedication.
 Our cases establish the principle that an offer of dedication, on common-law principles, may be revoked at any time before acceptance. City of Miami v. Florida East Coast Ry. Co., 79 Fla. 539, 84 So. 726; Brooks-Garrison Hotel Corp. v. Sara Inv. Co., Fla., 61 So.2d 913. We construe the defendants’ objections to the establishment of the road as being a revocation of the offer of dedication.
Upon this ground alone, it would appear that the decree of the court below should be and is therefore affirmed.
DREW, C. J., and THOMAS and ROBERTS, JJ., concur.