PEARSON, TILLMAN, Chief Judge.
The West Hialeah Mfg. Co. was plaintiff in a complaint for injunction brought against the City of Hialeah. The manufacturing company sought to prevent the city from interfering with the company’s use of a strip of land adjacent to property owned by the company and shown on the recorded plat of the subdivision as “27th Street”. The chancellor found for the city and not only denied the relief prayed by the company, but found the city to be the owner of the “title” of all the streets in the subdivision.
The controversy arose in the following manner. The subdivision covers a quarter *506 mile square parcel of land and consists of eight blocks in the City of Hialeah. During the year 1925 a plat dividing the subdivision into lots and blocks was recorded in the public records of Dade County, Florida. The plat contained a provision dedicating to the public a perpetual right in the streets platted and reserving to the grantor and his successors the reversion thereof. Title to the entire subdivision reverted to the State of Florida under the “Murphy Act” and the state subsequently conveyed all of the lots to J. E. Groover. Groover also purchased a City of Hialeah tax deed to all of the lots in Blocks 2, 3, 6 and 7 which abut 27th Street. This latter deed contained no provision reserving the streets to the city, but was a conveyance of lots and blocks. In 1949 Groover attempted to construct a Negro housing project on the land and paved some portions of the platted streets including 27th Street. The housing project was not successful and was abandoned.
On June 17, 1953, Groover conveyed to the plaintiff, West Hialeah Mfg. Co. “the strip known as 27th Street” for the purpose of building a railroad siding on the street. At the same time Groover executed a withdrawal of dedication whereby he revoked the dedication of the streets contained in the recorded plat. In the same year the plaintiff-manufacturing company was able to arrange for the Florida East Coast Railway Company to construct a spur track to the property involved and subsequently procured the laying of the track down the street in question. Thereafter J. E. Groover conveyed Block 2 of the plat to the West Hialeah Mfg. Co., plaintiff. After the spur track had been on the property a little more than six years the city informed the manufacturing company that it must remove the track so that the city could pave the street. Thereupon the manufacturing company filed the above mentioned complaint for injunction; trial was had; a decree for the city was entered and this appeal followed.
The pivotal finding of the chancellor is contained in paragraph number six of the decree:
“The Court further finds from the evidence and the testimony that the said dedication of the streets, roads, avenues, alleys, were formerly accepted by operation of law and the evidence shows the property is still being sold by land and block from the plat when the said Plat to West Hialeah was recorded in Plat Book 18 at Page 10 of the Public Records of Dade County, Florida on or about the 1st day of May, 1925.”
The chancellor has misconstrued the legal effect of the evidence pertaining to the acceptance of the dedication of the streets in the plat. It is firmly established in the law of this state that the recording of a plat is an offer to dedicate the streets and that in the absence of public user the offer of dedication may be revoked at any time before acceptance. Marion County v. Gary, Fla.1956, 88 So.2d 749 and cases cited therein. The record here fails to reveal any action by either Dade County or the City of Hialeah which can be construed to be an acceptance of the dedication of 27th Street in this subdivision. The city urges (1) that it has never assessed taxes on the street and (2) that the official map of the city shows the subdivision as platted. In the absence of the accrual of rights in the public, such a slight recognition of the existence of the streets may not be construed as an acceptance of the dedication.
Indeed there is strong evidence in the record that the city concurred with the developer in his project to change the land from a residential to industrial area. After the failure of the Negro housing development, the city, upon the motion of the owner, changed the zoning to a liberal industrial classification. The small lots as platted were not suitable for industrial development. All of the property sold by the developer for industrial purposes has been sold as blocks or portions of blocks. Next, the city co *507 operated with the developer in procuring the very spur track which it now seeks to remove. The city, by ordinance passed in 1953, approved the building of the spur which ran to the end of 27th Street and which could have had no other purpose than to continue on the street. It was necessary for the city to pass the ordinance in question in order to give the railroad the right to cut through certain other streets already under development in the same portion of the city.
It is apparent upon application of the rule in the above cited case that the city did not accept the dedication of 27th Street prior to the revocation of the dedication by Groover, who was the owner at that time of all of the lots in the subdivision. It should also be noted that no right of the public has been abridged by the use of the street for a spur track, because the land subsequently conveyed from the subdivision has in each instance contained a reservation of the right to use the area platted as 27th Street for a spur railroad track. It is apparent also that others in building industrial developments in this area have relied upon the position of the city designating the same as an industrial area and that a spur railroad track is a great asset to such an area. Under these circumstances we hold that the chancellor was in error when he held that the dedication of the street had been accepted.
Insofar as the final decree in this case determined that streets in the subdivision other than 27th Street were the property of the City of Hialeah, it was beyond the issues raised by the pleadings. Such a decree acts upon the rights of persons not parties to the action. Therefore, that portion of the decree which attempts to adjudicate rights other than those between the West Hialeah Mfg. Co. and the City of Hialeah must be reversed.
The final decree in this cause is, therefore, reversed and the cause remanded to the trial court with directions to enter a decree for the plaintiff.
Reversed and remanded.