SHANNON, Judge.
The question presented by this appeal is whether there has been a common-law dedication of an alley which runs along the rear of the residences of the parties, the chancellor having found that there was.
The following definition of a common-law dedication is found in 10 Fla.Jur., Dedication, § 1:
“A common-law dedication is a set- ' ting apart of land for public use. It is the appropriation of land by the owner thereof to the use of the public and the adoption thereof by the public. In order to constitute a dedication there must be (1) an intention, on the part of the proprietor of the land, to dedicate the property to public use, and (2) *232 an acceptance by the public, and proof of these facts must be clear, satisfactory, and unequivocal.” (Footnotes omitted).
The plaintiffs purchased a lot from the owners-developers, at which time there was an alley ten feet wide running along the rear which extended five feet onto the lots on each side. They allege that the developers represented to them that the alley was for the use of the public. The Bishops lat- ; er purchased a lot next to the plaintiffs’ lot, on which the alley also ran. The evidence showed that the parties all used this alley for several years and then the Bishops blocked off the alley on their lot on the ground that it was their private property. The plaintiffs subsequently brought an action for a declaratory decree to the effect that this alley had been dedicated to public use, and they prevailed in the lower court.
Proof of an intent to dedicate by the owners, and acceptance by the public must be clear and unequivocal, in order for there to be a common-law dedication. Roe v. Kendrick, 1941, 146 Fla. 119, 200 So. 394; Miller v. Bay-to-Gulf, Inc., 1940, 141 Fla. 452, 193 So. 425; and Weills v. City of Vero Beach, 1928, 96 Fla. 818, 119 So. 330. The burden of proof is on the party asserting the dedication. Roe v. Kendrick, supra. We find that the proof of a dedication in the present case does not approach these standards and therefore we reverse.
The two developers once attempted to dedicate this alley to the public, but the board of county commissioners rej ected this. There was no dedication on the plats, nor any indication of the existence of the alley in the deeds. The alley has never been maintained by the city or county, and the land on which the alley lies has been taxed as if the alley did not exist. The alley has been used by garbage collectors and other suppliers of miscellaneous utility services, and also by the residents of the adjoining lots, for several years. Both developers testified, one stating that there was a dedication, and the other stating that there was not.
The weight of the evidence is to the effect that there was no dedication. The only concrete indication that there was a dedication was the testimony of one of the developers, and the other developer refuted this. This falls far short of the clear and unequivocal proof required by previous Florida cases cited above.
The facts of this case reveal that there may have been an easement created by prescription; however, this question was not presented to the lower court nor was it argued on appeal, and so we have not considered it.
Reversed.
ALLEN, Acting C. J., and SEBRING, HAROLD L, Associate Judge, concur.