STURGIS, Chief Judge.
This is a suit by the State Road Department to require defendants to remove certain improvements from the right of way of State Road 30 (U.S. 98) and seeking a permanent injunction to prevent them from using any part of said highway except as members of the traveling public. Defendants bring this appeal to review a final decree granting the relief prayed.
By their statement of the points of law involved, appellants contend: (1) That their predecessors in title did not lawfully dedicate a 100-foot or more right of way for the subject road to the state or any other governmental body; (2) that assuming there was a tender of dedication thereof, the same is inoperative because it was not accepted by the state or any other governmental body; and (3) that the state is estopped to assert a claim to a right of way exceeding 66 feet in width in front of lots 19, 20, 21 and 22, Block 5 of the “Pines” subdivision, which lots are owned by appellants. The latter contention assumes that the state is vested with a 66- *592 foot road right of way in front of hut not adjoining said lots, that the center line of such right of way is located at the center of the right of way for State Road 30 (U.S. 98) as indicated on the original and amended plats of said subdivision, and that by operation of law appellants have acquired title to a strip of land 17 or more feet in width, consisting of the property lying between the northern boundary line of such admitted 66-foot right of way and the southern boundary line of appellants’ lots. In substance, it is appellants’ contention that the decree appealed is not supported by the facts and/or that the chancellor applied erroneous rules of law to the evidence in arriving at the conclusions of fact upon which the decree is based.
Appellants are the owners of lots 19, 20, 21 and 22 of Block S, according to the amended plat of the “Pines” recorded July 24, 19S0, in plat book 7, page 65, public records of Bay County, Florida, which property fronts on State Road 30, also known as U. S. Highway 98. They conduct thereon a business known as a “Snake-a-torium.” This suit was instituted following their refusal to remove certain advertising signs from the alleged right of way of said road in front of their place of business, it being their contention that the right of way at that point is only 66 feet wide and that the signs are erected on their property. Appellee contends that the right of way is 100 feet wide, that it abuts their property, and that the signs are erected within the right of way in violation of Sections 335.13, 479.11, and 479.17, Florida Statutes 1961, F.S.A.
The record on appeal reveals that on August 6, 1945, Mr. and Mrs. W. H. Laird and Mr. and Mrs. L. M. Wells, being owners of appellants’ property, subdivided it and surrounding property into lots in a subdivision known as the “Pines,” and filed the original plat thereof in plat book 3, page 13, public records of Bay County, Florida. Although said highway had been paved and used by the public for many years prior to the filing of said plat, the public did not have any recorded claim of title to the subject segment of the right of way. Said plat, however, was drawn to a scale of 1" = 200', clearly outlines appellants’ lots, shows each to have a dimension of 150 feet N and S by 50 feet E and W, depicts the right of way of said highway according to said scale, and clearly indicates that the south boundary line of appellants’ lots is concurrent with the north boundary of said right of way, which fact is also readily ascertainable by reference to specific measurements and permanent reference monuments depicted on said plat. Although no dimensions are stated in figures, by apt language the subdividers dedicated said right of way to the public use.
On July 24, 1950, Mr. and Mrs. W. H. Laird, joined by the widow and other heirs of Mr. L. M. Wells, then deceased, filed . an amended plat of said subdivision which was approved by the County Commission and recorded in plat book 7, page 65, public records of Bay County, Florida; the purpose being to correct some lot line mistakes in the original plat. The corrections, however, did not purport to affect the boundary lines or the location of appellants’ lots or of the road right of way as shown on the original plat. The amended plat did indicate in figures that the width of said right of way was 104.7 feet and by apt language undertook to rededicate same to the public use. Appellee presented expert testimony to the effect that both plats depicted the location and dimensions of appellants’ lots and that the width of the right of way dedicated was 100 feet or more.
Appellants purchased their lots in 1957 and took title pursuant to muniments of title which described same in accordance with and by reference to the previously recorded amended plat. They thereafter erected the signs giving rise to this litigation. Mr. Sebolt, a party appellant, tes *593 tified that prior to erecting same he was in doubt as to the exact width of the right of way in front of his property and upon inquiry at the local office of the State Road Department was informed by some unidentified persons that the width thereof was 66 feet. He also testified that he thereafter examined a copy of appellee’s right-of-way map on file in the office of the clerk of the circuit court of Bay County and that it showed the right of way to be 66 feet. However, no such map was introduced in evidence and it does not appear that Mr. Sebolt examined either of the recorded plats of the “Pines” subdivision according to which appellants purchased their lots.
In support of their first contention, appellants brush aside the evidentiary value and legal effect of the original plat of the “Pines” subdivision by insisting and accepting as the law of the case their conclusion that the failure of the plat to express on its face in figures the width of State Road 30 (U.S. 98), though depicted thereon according to scale, renders meaningless and ineffectual any effort or intent of the sub-dividers thereby to dedicate to the public a right of way 100 or more feet in width as asserted by appellee. And having adopted that erroneous premise, they then proceed on the theory that the dedication shown by the amended plat is inoperative as such because the parties who filed said plat were not at that time owners of the lots subsequently acquired by appellants; that the title to said lots had previously been conveyed by the original subdividers of the “Pines” to appellants’ predecessors in title.
In 1959 appellee caused a survey to be made of the subject right of way and set right-of-way markers along the boundary line of the right of way as shown by the plat of the “Pines,” indicating the width of the right of way as 104.7 feet. Appellee thereafter sought to remove the mentioned signs from the right of way and appellants resisted, hence this litigation resulting in the entry of the decree appealed.
Appellants’ first point is rejected for the primary reason that although the original plat of the “Pines” was to some extent vague in that it did not specify in figures the width of said right of way, it did specifically indicate by scale and figures the measurements and outer boundaries of lots 19, 20, 21 and 22, Block 5, later purchased by appellants; it clearly depicted the southern boundary lines of these lots as coinciding with the northern boundary line of said right of way; and it depicted the right of way according to scale (1" = 200'), from which an examiner could and should readily ascertain that the same had a width of approximately 100 feet. We take judicial notice of the fact that many of the public roads constituting the primary road system of this state were established many years ago and that the intervening increase in traffic requirements has operated to steadily call for an increase in the width of the right of way required for efficient construction and maintenance of such roads; further, that vast segments of the rights of way of such highways exist without any formal recorded deed or easement as a basis for the rights of way, so that the public right and use depends in great part on informal dedications and prescriptive rights. The public right in each such case must depend, of course, on the facts peculiar to it. We are conscious of no rule of law which, under the circumstances of this case, operates to vest in appellants title to the strip which they claim or that relieves them from the constructive notice of the subject right of way afforded by the recorded plats or, for that matter, that relieves them of the title limitations expressed in the deeds of conveyance under which they claim.
Appellants’ second contention is likewise without merit. It is the rule in this jurisdiction that the mere filing of a plat setting forth certain areas for streets, parks or highways does not constitute a dedication, but a mere offer of dedication, which is not complete until it has been accepted by the proper public authorities. *594 Roe v. Kendrick, 146 Fla. 119, 200 So. 394 (1941). Acceptance may be made by formal resolution, by public user, or by acts clearly indicating acceptance. In this case the appellee caused a surveying team to survey the subject right of way and install right-of-way markers at points 50 feet from the center line thereof. These acts clearly indicate an acceptance of the dedication and an intent to pre-empt for public use the property lying within the extremes of the right-of-way markers. Appellants suggest that it was not the purpose of this survey and locating of boundary markers to lay claim to the full right of way dedicated by the plat of the “Pines,” but rather to conform the State Road Department’s maps to the dedication; however, that argument is specious. A witness for appellee testified that the survey was for the purpose of finalizing the State Road Department’s rules in relation to this dedication and to determine also the center line of the road. The survey and establishing of said markers is sufficient to denote a clear acceptance of the dedication and the decree appealed impliedly holds to that effect.
Appellants finally contend that appellee was estopped to claim a right of way in excess of 66 feet. In support thereof they assert that the evidence shows they contacted the appellee to ascertain the location of the right-of-way line and were assured by appellee that in front of their property the same was 66 feet in width; that they observed that buildings and signs of their neighbors in the vicinity were located approximately 33 feet from the center line of the highway. The identity of the persons contacted by appellants is not shown and the authority of such persons to estop the appellee is obviously not established. The acquisition of adequate rights of way for road purposes is a continuing process. Owners of property fronting on a public thoroughfare cannot assume, from observing that improvements of neighbors are located at a particular distance from the center line of the thoroughfare fronting on the neighbors’ property, that their own property extends to the same distance from such center line. Appellants’ third premise is without merit.
Affirmed.
WIGGINTON and CARROLL, DONALD K., JJ., concur.