Robert S. Ryder Marion County Attorney Ocala
QUESTIONS:
1. May the board of county commissioners of a noncharter county expend public funds for constructing and maintaining any road where said county does not have a specific dedication to the public to utilize said road or said county does not have any ownership of the right-of-way for said road, where the county has not maintained said road for a period of 4 years, or where the public has no prescriptive right for the utilization of said road?
3. May the board of county commissioners of a noncharter county expend public funds for establishing and constructing roads in subdivisions which were recorded prior to 1925 where there is no specific dedication to the public for said roads or conveyance to said county of a right-of-way for said roads?
SUMMARY:
Unless a road is a county road open to and set apart for the public — such as by acquisition of a prescriptive right in a road by the members of the public in the county, by operation of law under s. 95.361(1), F. S., or by the principles of common law dedication — and unless the expenditure of public funds for the construction, maintenance, or repair of such a road would thereby serve a county public purpose, the board of county commissioners may not expend public funds for such purpose, whether such roads are designated as being dedicated to the public on a plat recorded prior to or after 1925.
 2. May the board of county commissioners of a noncharter county expend public funds for the maintenance or roads in subdivisions that were recorded prior to 1925?
AS TO QUESTION 1:
In order for a board of county commissioners to expend public funds for the construction and maintenance of a road, the road must be a `public' one, i.e., the expenditure must be for a public purpose.
 The fundamental criterion for the expenditure of county funds is that such expenditure will serve a county as contrasted to a private purpose. Article VII, s. 1, State Const., impliedly limits the imposition of taxes and the expenditure of tax revenues to public purposes. . . . A private road is, by its very nature, not available to the public, and the public has no right to travel by motor vehicle thereon. This being the case, the repair or maintenance of such a road cannot serve a public or county purpose. [Attorney General Opinion 073-222.]
Cf. Escambia County Bd. County Comm'rs v. Bd. Pilot Comm'rs,42 So. 697, 701-702 (Fla. 1906); AGO's 075-309 and 059-133. Such a road as you describe would appear to be a private one, although the authority of a county with respect to a particular road and questions as to whether the county has acquired a right-of-way or an easement for county public road purposes are mixed questions of law and fact which must be determined by the courts in appropriate adversary proceedings initiated for that purpose. This office is not a fact-finding body and as such is without power to adjudicate such matters. E.g., AGO's 078-63, 075-309, and 074-176. Attorney General Opinion 073-222 sets forth several ways in which a county may acquire the right to use land for county public roadway purposes, and I shall briefly summarize them. First, the public (as distinct from the county) may acquire the right to use land as a roadway by prescription. Id.; see Downing v. Bird, 100 So.2d 57,64-66 (Fla. 1958); Spain v. Minder, 346 So.2d 139, 139-140 (1 D.C.A. Fla., 1977) (Boyer, C. J., spec. conc.); Orange Blossom Hills, Inc. v. Kearsley, 299 So.2d 75, 76-77 (1 D.C.A. Fla., 1974), the last-mentioned case involving a prescriptive easement by members of the public in Marion County. See also I Elliott, ATreatise on the Law of Roads and Streets s. 5 (4th ed. 1926).
Second, a county may acquire a right-of-way on land for use as a public road by operation of law under s. 95.361(1), F. S., the application of which to the facts of a given case is left solely to the courts. E.g., AGO's 074-176 and 073-257 (same as to s. 337.31(1), F. S., brought forward as s. 95.361(1), F. S. [1977]);cf. State Dept. of Transportation v. Florida E. Coast R.,230 So.2d 726, 728 (3 D.C.A.), cert. denied, 239 So.2d 587 (Fla. 1970).
Third, there can be common law dedication of land for use as a public road by express word or unequivocal act of the owner thereof, coupled with an acceptance by the public of the dedication, such as by use of the land. E.g., City of Miami v. Florida E. Coast R., 84 So. 726, 729 (Fla. 1920); Mainor v. Hobbie, 218 So.2d 203, 205 (1 D.C.A.), app. dismissed,225 So.2d 530 (Fla. 1969); AGO 078-63.
Your first question as stated is answered in the negative.
AS TO QUESTION 2:
I assume for purposes of this question that you refer to a plat recorded prior to 1925 upon which a road or roads are designated as being dedicated to the public. Chapter 10275, 1925, Laws of Florida, was the first legislative effort to regulate the filing for record of maps and plats in Florida. Attorney General Opinion 071-307. Section 10, Ch. 10275, 1925, Laws of Florida, provided as follows:
 Before said map or plat shall be presented to the County Clerk for record, the owner or owners shall cause to be placed thereon a certificate of approval by the County Commissioners, Town Board, or Council, or the Board of Commissioners (in municipalities having a commission form of government) or their accredited representatives, having jurisdiction over the land described in the said map or plat. However, such approval shall not bind the County Commissioners, Town Board, City Council or Board of Commissioners to open up and keep in repair any parcels dedicated to the public in any map or plat so offered, but they may exercise such right at any time. (Emphasis supplied.)
One effect of the above-quoted statute was to require all plats recorded after the effective date of the act, June 11, 1925, see
s. 15, Ch. 10275, supra, to be approved by the appropriate governmental body:
 If the plat or map is wholly within a municipality and is approved by the proper city officials then it does not have to be approved by the Board of County Commissioners. If the map or plat is of property not within a municipality then the approval of the County Commissioners should be had. [Attorney General Opinion of May, 5, 1926, Biennial Report of the Attorney General, 1925-1926, p. 385.]
Accord: Attorney General Opinion 071-307. Thus, the approval required by the foregoing statute did not operate as an acceptance of an attempted public dedication by plat. Following approval of any such map or plat, the exercise of the right to affirmatively accept the specified dedication could be effectuated by formal or informal act of the county or by use by the public, in conformity with the principles of common law dedication by plat. See AGO's 078-63, 075-309, 059-133, and the authorities cited and discussed therein. The Supreme Court of Florida has held that
 . . . [a] common-law plat has no effect as a conveyance, and an offer to dedicate thereby created may be revoked by the owner or his grantee at any time before acceptance by the public. After a common-law dedication is once accepted by the public, it is irrevocable except with the consent of the public and of those persons who have vested rights in such dedication. The acceptance of a common-law dedication need not immediately follow the offer to dedicate, but must be within a reasonable time and before withdrawal by the offerer. What constitutes a revocation of an offer to dedicate depends very largely upon the circumstances and is usually a question of fact . . . . [City of Miami v. Florida E. Coast R., 84 So. 726, 730 (Fla. 1920).]
Accord: Marion County v. Gary, 88 So.2d 749, 750-751 (Fla. 1956); Winter v. Payne, 15 So. 211, 213 (Fla. 1894). The burden of proving acceptance within a reasonable time lies with the governmental body asserting same:
 Acceptance of such an offer of dedication may be by formal resolution of the proper authorities or by public user. The burden of proving acceptance of an offer to the public to dedicate lands for streets, alleys, and parks is upon the county or municipality asserting it. . . . No dedication is complete until acceptance by the public. [City of Miami v. Florida E. Coast R., supra, at 729.]
Accord: Marion County v. Gary, supra; Kirkland v. City of Tampa,78 So. 17, 20-21 (Fla. 1918). As a matter of the law governing private property interests, as opposed to the law governing public dedications, purchasers of platted subdivision lots who take in a sale made with reference to the subdivision plat may acquire a right or rights in the nature of an easement with regard to roads or other `public' areas designated on said plat. E.g., Burnham v. Davis Islands, Inc., 87 So.2d 97, 100 (Fla. 1956); McCorquodale v. Keyton, 63 So.2d 906, 909-911 (Fla. 1953); AGO 078-63. Such an easement may be used by the holder thereof in a manner consistent with an established public user of such roads or areas, e.g., Wilson v. Dunlap, 101 So.2d 801, 804-805 (Fla. 1958); see Price v. Stratton, 33 So. 644, 646-647 (Fla. 1903); Porter v. Carpenter,21 So. 788, 790 (Fla. 1897), or such a private right may arise and be exercised in the absence of public acceptance of the dedication, such as the right to make use of the road or area and the right to keep the road or area open for public use. E.g., Powers v. Scobie,60 So.2d 738, 739-740 (Fla. 1952); Florida E. Coast R. v. Worley,38 So. 618, 623 (Fla. 1905); cf. Smith v. Horn, 70 So. 435,435-437 (Fla. 1915). However, as I have stated herein, it is not the province of this office but that of the courts to determine such questions of fact and adjudicate such rights. See City of Miami v. Florida E. Coast R., supra, at 730; cf. Escambia County Bd. County Comm'rs v. Bd. Pilot Comm'rs, supra, at 702.
To summarize the foregoing general principles of law with specific reference to your precise question, a county may not expend public funds for maintenance of roads designated as having been dedicated to the public on a plat recorded prior to 1925, unless: The county has formally or informally or by public user accepted any such offer of public dedication; the county has so accepted such offer prior to revocation thereof by the dedicator or his successors in interest; the roads in question are in fact used or to be used as county public roads; and the expenditure of such funds would serve a county public purpose.
AS TO QUESTION 3:
My reply to your first and second questions adequately answers your third question and it therefore requires no specific answer.
Prepared by: Dennis J. Wall, Assistant Attorney General