PER CURIAM.
On July 11, 1977, The Mansions, Ltd., obtained a judgment in the amount of $2,500.00 plus costs against Shirley Wild, appellee herein, in the County Court in and for Dade County. On October 28, 1977, appellee Shirley Wild obtained a judgment against appellants Capeletti Brothers, Inc., and United States Fidelity and Guaranty Company in Dade County Circuit Court in the amount of $19,200.00. Appellee’s cause of action was based on negligence and the only relief sought was damages.
On October 31, 1977, November 7, 1977, and February 28, 1978, The Mansions, Ltd., in its County Court proceedings served writs of garnishment on appellants. Appellants filed an answer admitting their indebtedness to appellee by virtue of the Circuit Court judgment against them.
On February 23, 1978, the Circuit Court judge entered an order directing appellants to pay the proceeds of the judgment to appellee and ordering that “with the payment of these judgments that the garnishment actions and the liens filed herein will be null and void and dismissed with prejudice insofar as” appellants are concerned.
The Mansions, Ltd., has never been a party to the Circuit Court action between appellants and appellee.
On March 14, 1978, The Mansions, Ltd.’s, motion for summary judgment against appellants as garnishees was heard before the judge of the county court. That judge refused to take any further action in the County Court proceeding because of the Circuit Court order of February 23, 1978.
This appeal was begun by notice of interlocutory appeal filed by United States Fidelity and Guaranty Company and Capeletti Brothers, Inc., a Florida corporation. By order of this court, the motion of The Mansions, Ltd., to intervene was granted and the order further provided that The Mansions, Ltd., would be considered the party appellant.[1] The order entered by the trial court is, in material part, as follows:
“ORDERED and ADJUDGED that the Motion be and the same is hereby denied and that Defendants are hereby ordered to pay the proceeds of the judgment and cost judgment to the Plaintiff. It is further,
“ORDERED and ADJUDGED that with the payment of these judgments that the garnishment actions and the liens filed herein will be null and void and dismissed with prejudice insofar as Defendants, UNITED STATES FIDELITY & GUARANTY COMPANY and CAPE-LETTI BROTHERS, INC., are concerned.”
*12 It is immediately apparent that the circuit court was without jurisdiction to discharge garnishment actions in the county court. See Section 34.01, Florida Statutes (1977). This is particularly true where the garnishor was not a party in the circuit court action in which the offending order was entered. See the principle of law in West Hialeah Mfg. Co. v. City of Hialeah, 134 So.2d 505, 507 (Fla. 3d DCA 1961). The only portion of the above order over which the circuit court had jurisdiction was that portion of the order which denied a motion before it. That portion of the order is affirmed. The remainder of the order beginning with the words “and that Defendants” and concluding with “CAPELETTI BROTHERS, INC., are concerned” is stricken from the order.
The order appealed is modified and, as modified, is affirmed.

. Neither the original appellant nor the original appellee, both of whom are considered appel-lees by virtue of the order permitting intervention, have seen fit to favor this court with a brief.