**RIVER PROPERTIES PARTNERSHIP,
a partnership, Appellant
(Defendant),**

v.

**Phillip T. WILLOUGHBY and Julie Ann
Willoughby, Appellees (Plaintiffs),**

and

**The City of Casper, a municipal corporation under the laws of the State of Wyoming, Appellee (Respondent).**

No. 96–297.

Supreme Court of Wyoming.

Sept. 12, 1997.

Barry G. Williams of Williams, Porter, Day & Neville, P.C., Casper; and James R. McCarty, Casper, for Appellant.

Phillip T. Willoughby, Pro Se, Casper, for Appellees Phillip Willoughby and Julie Willoughby.

W. Jackson Stewart, City Attorney, Casper; and William C. Luben, Deputy City Attorney, Casper, for Appellee City of Casper.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellant River Properties Partnership appeals from the summary judgment which was granted in favor of Appellees Phillip Willoughby, Julie Willoughby, and the City of Casper.

We affirm.

## ISSUES

River Properties presents the following issues for our review: [1]

1. We note at the outset that some of the briefs contain many pages of argument with few or no citations to the record or legal authority. The parties should not have put us in the position of having to speculate about the precise character of the issues and arguments in this case, and they will not, therefore, be heard to complain if we have not interpreted the record or framed the issues and the discussion as they would have wished.

I. Whether or not the lower court erred in not finding that the metes and bounds description of the appellee[s] Willoughby[s'] property prevailed over any discrep[a]ncy with the Tr[ai]ls West Subdivision Plat and Dedication?

II. Whether or not the district court erred in failing to find that the appellant's title to the subject property was free and clear of the plat and dedication filed on the Trails West Subdivision, Natrona County, Wyoming?

## FACTS

This case involves a dispute over the ownership of certain property located within the Trails West Estates subdivision in Casper. On September 4, 1994, Phillip Willoughby[2] filed a declaratory judgment action against River Properties and the City of Casper. He asked the district court to quiet the title to certain property situated within Trails West Estates. River Properties filed an answer and a counterclaim against Willoughby and cross-claimed against the City of Casper. River Properties sought a declaration as to the ownership of the land and a determination of the legal effect that the plat and dedication of Trails West Estates had. The City of Casper filed an answer in which it generally aligned with Willoughby.

The following recorded transactions are relevant to this dispute:

1. **January 19, 1979:** Deed from Herz–Spencer Partnership to Radix, Inc., conveying the lands which are at issue in this case.

2. **March 22, 1979:** Deed from Radix to Thomas McDill, Jr., conveying Lots 13 and 14, Block 17 of the proposed Trails West Estates. In addition to specifying in the description of the property that the land was a part of the proposed Trails West Estates, the deed also contained a metes-and-bounds description of the land which was being conveyed.

3. **July 26, 1979:** Mortgage from Radix to Wyoming National Bank of Casper on the remaining portion of its property in the proposed Trails West Estates. The mortgage described the property by referring to the proposed Trails West Estates and by giving metes and bounds, and it specifically exempted the McDill property which was also described as being a part of the proposed Trails West Estates and by metes and bounds.

4. **October 1, 1979:** Subdivision agreement and plat and accompanying dedication of roads, easements, and parks for Trails West Estates from Radix.

5. **November 6, 1979:** Mortgage from McDill to First National Bank of Casper on Lot 13, Block 17 of Trails West Estates (later assigned to United States Small Business Administration).

6. **November 12, 1980:** Mortgage from McDill to Provident Federal Savings and Loan Association on Lot 14, Block 17 of Trails West Estates.

7. **January 19, 1982:** Trails West Estates was annexed to the City of Casper.

8. **May 20, 1982:** Subdivision agreement and plat and accompanying dedication of roads and easements for Cottonwood Addition, a partial replat of Trails West Estates, from New Vistas, Inc. (the successor in interest to Radix).

9. **June 2, 1982:** Sheriff's deed to Wyoming National Bank, conveying property upon foreclosure on the Radix mortgage.

10. **July 27, 1984:** Sheriff's deed to Provident Federal, conveying Lot 14, Block 17 of Trails West Estates upon foreclosure on the McDill mortgage.

11. **January 23, 1985:** Sheriff's deed to Small Business Administration, conveying Lot 13, Block 17 of Trails West Estates upon foreclosure on the McDill mortgage.

12. **January 27, 1985:** Addendum to the Cottonwood Addition plat acknowledged and given by Wyoming National Bank, as Trustee, in which the bank agreed to and ratified the Cottonwood Addition plat.

13. **June 4, 1985:** Deed from Small Business Administration to Wyoming District Council of the Assemblies of God, Inc., conveying Lot 13, Block 17 of Trails West Estates.

2. Julie Willoughby was added as a party to this action on July 10, 1996.

14. **June 7, 1985:** Deed from Provident Federal to Assemblies of God, conveying Lot 14, Block 17 of Trails West Estates.

15. **June 16, 1989:** Memorandum of purchase from Assemblies of God to Phillip Willoughby for Lots 13 and 14, Block 17 of Trails West Estates.

16. **May 18, 1990:** Deed from Wyoming National Bank to Kirt Koski, conveying property obtained upon foreclosure on the Radix mortgage.

17. **May 18, 1990:** Deed from Kirt Koski to River Properties, conveying property acquired from Wyoming National Bank.

18. **January 21, 1992:** Tax deed to Willoughby, conveying Lot 15, Block 17 of Trails West Estates.

Each party filed a motion for a summary judgment. This case involved: (1) the validity of the dedication of certain property to public use by the subdivision agreement, plat, and dedication; and (2) a dispute over the boundaries of the Willoughbys' property. After holding a hearing, the district court granted a summary judgment in favor of the Willoughbys and the City of Casper and denied River Properties's motion. The district court concluded that the Willoughbys' interest in Lots 13 and 14, Block 17 of Trails West Estates had legal superiority over River Properties's claim and that, by virtue of the tax deed, the Willoughbys' interest in Lot 15 was superior to any claim asserted by River Properties. The district court also determined that the subdivision agreements, plats, and dedications for Trails West Estates and Cottonwood Addition were valid, including the dedication and platting of all roadways, easements, and park lands. River Properties appealed to this Court.

## STANDARD OF REVIEW

■ A summary judgment is appropriate when no genuine issue as to any material fact exists and when the prevailing party is entitled to have a judgment as a matter of law. *Kirkwood v. CUNA Mutual Insurance Society,* 937 P.2d 206, 208 (Wyo.1997); *see also* W.R.C.P. 56(c). We examine the record from the vantage point most favorable to the party who opposed the motion, and we give that party the benefit of all favorable inferences which may fairly be drawn from the record. *Kirkwood,* 937 P.2d at 208. We evaluate a summary judgment's propriety by employing the same standards and by using the same materials as were employed and used by the lower court. *Id.* We do not accord any deference to the district court's decisions on issues of law. *Id.*

## DISCUSSION

■ River Properties maintains that, since Wyoming National Bank did not sign or ratify the subdivision and dedication documents, the bank took title to the property free and clear of the subdivision agreements, plats, and dedications after it foreclosed on the Radix mortgage. River Properties argues, therefore, that the district court erred when it concluded that River Properties was bound by the subdivision agreements, plats, and dedications. The Willoughbys and the City of Casper contend that, regardless of any technical error which may have occurred in the execution of the subdivision and dedication documents, River Properties cannot collaterally attack the dedication's validity at this time.

■ " '[A] dedication is generally defined as the devotion of property to a public use by an unequivocal act of the owner, manifesting an intention that it shall be accepted and used presently or in the future. . . .' 11 McQuillin, Mun Corp § 33.02, p. 636 (3rd ed.)." *City of Evanston v. Robinson,* 702 P.2d 1283, 1286 (Wyo.1985). When lots are being subdivided or streets are being defined, land may be dedicated for public use either through the statutory procedures for dedication or under common law. *Town of Moorcroft v. Lang,* 779 P.2d 1180, 1183 (Wyo. 1989); *see also* WYO. STAT. §§ 34–12–102, –103, –112 (1997).

The following general rule applies if the property is mortgaged when it is dedicated:

[A] mortgagor may divest himself of his own interests in the mortgaged property by a dedication thereof. However, consistent with the fundamental rule that one may not convey or alienate a greater interest in land than he owns, a mortgagor

cannot, without the consent of the mortgagee, make a dedication of the mortgaged premises so as to adversely affect the interest of the mortgagee. Although a mortgagor may be technically the owner, if he attempts to dedicate the mortgaged property or any part thereof without the assent of the mortgagee, such dedication creates no more than an equity in the public to have the land opened, subject to the mortgage, and foreclosure will cut off all rights of the public in the mortgaged land.

23 AM.JUR.2D *Dedication* § 18 at 16–17 (1983). *See also In re Bellamah Community Development,* 107 B.R. 337, 340 (Bankr. D.N.M.1989); *Descheemaeker v. Anderson,* 131 Mont. 322, 310 P.2d 587, 590–91 (1957). Exceptions to the general rule, however, do exist:

The mortgagee may be bound by the dedication, ... by his express consent thereto, by acts equivalent to a positive donation, or by way of estoppel, and his assent may be implied from his failure to object, and his subsequent acts made in reference thereto.

26 C.J.S. *Dedication* § 7 at 407 (1956). *See also Weills v. City of Vero Beach,* 96 Fla. 818, 119 So. 330, 332 (1928); *Manning v. House,* 211 Ala. 570, 100 So. 772, 775 (1924).

In this case, Radix mortgaged the property to Wyoming National Bank in July 1979. Radix recorded the subdivision agreement, plat, and dedication for Trails West Estates in October 1979, and New Vistas, Radix's successor in interest, recorded the subdivision agreement, plat, and dedication for Cottonwood Addition, which was a partial replat of Trails West Estates, in May 1982. Wyoming National Bank did not sign the subdivision and dedication documents. According to the general rule of law outlined above, it appears that the bank should have signed the subdivision and dedication documents or otherwise agreed to the dedication at the time of recordation in order for the dedication to be binding upon it.

The mortgage between the bank and Radix did, however, describe the property by referring to the proposed Trails West Estates. The record does not show that the bank ever objected to Trails West Estates being established or to the property within Trails West Estates being dedicated to public use. In fact, on January 27, 1985, the bank, as Trustee, executed an addendum to the Cottonwood Addition plat in which it stated that the bank had been omitted from the plat in error and that it agreed to and did ratify the plat. When it executed the addendum, the bank held title to the property by virtue of its foreclosure on the Radix mortgage. Under these facts, we conclude that the bank assented to and ratified the prior dedication of the property to the public.

▮ The public relied on the property dedication when the City of Casper annexed Trails West Estates. Additionally the public used the dedicated parks and streets within Trails West Estates. River Properties may not, therefore, collaterally attack the validity of the dedications or the ownership of the property which was dedicated to public use.

We turn now to the issue concerning the discrepancy between the metes-and-bounds description and the lot description of the Willoughbys' property. River Properties contends that the Willoughbys' title was established by the metes-and-bounds description which was contrary to the platted legal description of Lots 13 and 14, Block 17 of Trails West Estates and that the Willoughbys obtained title to only the property which was described by metes and bounds.[3] River Properties argues that, since it owns the property which lies adjacent to the disputed area, it has title to the small parcels of land which are located within the disputed boundary area. The district court concluded that the Willoughbys' interest in the property was superior to River Properties's claim because, under WYO. STAT. § 34–1–121(a) (1997), the precedence and superiority of the original conveyance between Radix and McDill was

---

**3.** River Properties's argument concerning Lot 15, Block 17 of Trails West Estates focuses on the validity of the dedication. River Properties does not argue that the district court's determination that the tax deed effectively established the superiority of the Willoughbys' title was in error.

established as a matter of law when the deed was recorded.

Section 34–1–121(a) states in relevant part:

(a) Each and every deed, mortgage, instrument or conveyance touching any interest in lands, made and recorded, according to the provisions of this chapter, shall be notice to and take precedence [over] any subsequent purchaser or purchasers from the time of the delivery of any instrument at the office of the register of deeds (county clerk), for record.

■ The original deed from Radix to McDill for Lots 13 and 14, Block 17 described the property as being a part of the proposed Trails West Estates and in metes and bounds. The mortgage executed between Wyoming National Bank and Radix specifically exempted the McDill property, describing the land by referring to Trails West Estates and by using metes and bounds. The McDill deed was recorded before Wyoming National Bank's mortgage was recorded. The district court, therefore, properly concluded that, under § 34–1–121(a), the Willoughbys' interest had legal superiority over River Properties's claim because the McDill deed had been recorded first and gave notice of the title to Lots 13 and 14. Since we have held that the dedication of the property to the public was valid, River Properties is bound by the property description which referred to Trails West Estates and may not claim a greater ownership than what the bank had.

Affirmed.

LEHMAN, Justice, dissenting.

I respectfully dissent. While I am not offended by the result reached by the majority, the reasoning used to reach the result does not convince me to join. The issue to which I refer is the discrepancy between the metes and bounds description and the lot description.

The prior owners of the subject property obtained a deed which referenced the lots and blocks of the *proposed* Trails West Estates but then continued to describe the property with a metes and bounds description. There was a discrepancy between those descriptions, with the lots containing more property than the metes and bounds description. The majority does not deal with that discrepancy, but merely says the prior owners filed their deed first with notice of the lots and blocks and, therefore, their interest is superior.

Query: If the metes and bounds description contained more land than the lots as they were eventually platted and recorded, would the property owners be entitled to the metes and bounds description including the additional land because their interest was superior? A hierarchy has developed when a deed contains reference to a plat along with a metes and bounds description. Recognizing that a plat is simpler and a more accurate method of describing property, a plat description will generally prevail. However, if the description in the deed is intended to be superior to the plat, or is not intended to be a mere secondary restatement of the description in the plat, the deed description will prevail. 14 POWELL ON REAL PROPERTY, ch. 81A, ¶ 899[3] pp. 81A–113 & –114 (1997).

In this instance, the plat was not of record when the deed was prepared containing the reference. Given that fact, could the metes and bounds description be a mere secondary restatement of the plat description? If the plat was not recorded for anyone to see, was it attached to the deed? Was the proposed plat changed from the time it was referenced in the deed to the time it was recorded? Did the later transaction referencing only the lots on the now recorded plat in essence cure the original discrepancy? Which description prevails?

These are all questions left unanswered by the majority, and the discussion of the issue provides no guidance.