849 So.2d 358 (2003)
Ingeborg KRIEGER, as Trustee for the Ingeborg Krieger Revocable Trust, Appellant,
v.
The TOWN OF LONGBOAT KEY, Appellee.
No. 2D02-1015.
District Court of Appeal of Florida, Second District.
May 14, 2003.
Rehearing Denied June 13, 2003.
*359 Ingeborg Krieger, pro se.
William R. Pomeroy of William R. Pomeroy, P.A., Sarasota, for Appellee.
NORTHCUTT, Judge.
This dispute concerns a strip of land (the "Beach") in the Town of Longboat Key that borders Sarasota Bay and that lies across the street from property owned by Ingeborg Krieger. Krieger and the Town disagreed about whether she had an ownership interest in the Beach sufficient to entitle her to build a dock on the property. As a result, the Town filed a declaratory judgment action asking the circuit court to determine the ownership, possessory, and use rights regarding the Beach, and asserted additional claims for relief. Krieger filed a counterclaim also seeking a declaration of rights and stating sundry other bases for relief. The circuit court entered a final judgment in favor of the Town based in part on the theory that the Beach had been dedicated to public use. We agree with Krieger that the Town failed to prove a valid dedication. Accordingly, we reverse that ruling in the final judgment. But, as we will discuss later, we affirm the rest of the judgment.
The parties' arguments concerning the dedication of the Beach to public use centered on a plat of the Longbeach subdivision recorded January 23, 1914, by the subdivision's owners, R.P. Jordan, Lorenz Willig, and Street Lightfoot. The plat showed lots, a park, a hotel site, an anchor basin, and streets. Along the perimeter of the subdivision, next to Sarasota Bay and the Gulf of Mexico, was a strip of land marked "Beach Ave." in some places, and "Beach" in others.
Over the next five years, lots were sold pursuant to the plat. Also during that period, Jordan acquired Willig's and Lightfoot's interests in the subdivision. In 1919, Jordan conveyed to the purchasers of Lot 1 the riparian rights and "the strip of land in front of [lot 1] marked `Beach,' excepting that portion of the said `Beach' fifty feet wide reserved for street purposes." *360 Part of Lot 1 eventually became Krieger's property.[1]
By 1925, the Longbeach Company owned the subdivision, excluding the lots that had already been sold to private owners. It filed another plat of the Longbeach subdivision on September 28, 1925. In that plat, the Longbeach Company stated that it was the owner of all the land in the subdivision except for certain parcels. The entire block containing what is now Krieger's property was specifically excluded from the Longbeach Company's statement of ownership. The plat stated that Longbeach Company "dedicated to the use of the public forever all of the parks, parkways, streets, alleys, avenues, boulevards and highways shown [on] this map (or plat) of said Land." The 1925 plat did not include the park, the hotel site, or the anchorage basin shown on the 1914 plat. Instead, those areas were divided into lots.
In 1925, the year the Longbeach Company recorded its plat, the legislature enacted chapter 10275, Laws of Florida (1925), establishing the requisites for a statutory dedication of property to public use. Previously, an owner of land could set certain lands aside for public use by a common law dedication. He could do so by filing a plat of his land showing areas devoted to streets, alleys, and public parks, and by recording the plat in the public records. City of Miami v. Fla. E. Coast Ry. Co., 79 Fla. 539, 84 So. 726, 729 (1920). The owner's intention to dedicate had to be clearly indicated by his words or acts, and the public had to accept the dedication. Id. The owner could revoke an offer to dedicate at any time before the public accepted it. Id.
In the judgment before us the circuit court determined there were consummated dedications of the Beach property premised on offers to dedicate in the 1914 and 1925 plats. The court found that the 1914 common law offer was accepted by virtue of the public's use of the land, and that the 1925 statutory offer was accepted by a 1950s municipal resolution and a 1960s ordinance. The evidence did not support these conclusions.
Assuming that the 1914 plat contained an offer by the owners to dedicate the Beach to public use, the 1919 deed to the buyers of Lot 1 conveying riparian rights and the adjacent portion of the Beach was, to that extent, inconsistent with the offer. Therefore, unless the public had accepted the 1914 offer to dedicate prior to the 1919 conveyance, the offer was revoked insofar as it affected the rights and property conveyed to the purchasers of Lot 1. See Marion County v. Gary, 88 So.2d 749, 750 (Fla.1956) (holding that a common law offer to dedicate may be revoked at any time before acceptance); City of Miami, 84 So. at 731 (observing that a common law offer to dedicate may be revoked by virtue of a subsequent conveyance of the property).
The Town offered no evidence at all that the public accepted the 1914 dedication. See Gary, 88 So.2d at 750 (explaining that the burden to establish dedication is on the party asserting it). It presented no documentary evidence of an official acceptance; instead, it argued that an acceptance was accomplished by public use of the Beach. See Bonifay v. Dickson, 459 So.2d 1089, 1094 (Fla. 1st DCA 1984) (noting that an acceptance of an offer of dedication may be implied from acts showing an intention to accept, such as use by the public). But the Town concedes that its proof of public use did not reach back to the years preceding 1919. It introduced evidence that the public had used the Beach for recreational *361 purposes since at least the 1950s and possibly as early as the 1930s. That, however, did not support an acceptance of the 1914 dedication prior to the 1919 conveyance.
In fact, the 1925 plat filed by the Longbeach Company suggests that the 1914 offer to dedicate had never been accepted; otherwise, the area clearly designated as a "park" on the 1914 plat could not have become home sites on the 1925 plat. More importantly, the 1925 plat could not dedicate the portion of the Beach conveyed in Jordan's 1919 deed because the Longbeach company did not own that land. Therefore, insofar as it affected rights and land conveyed in the 1919 deed, the circuit court's determination that the 1925 plat gave rise to a statutory dedication was contradicted by the evidence. To the extent the judgment is founded on a dedication stemming from either the 1914 plat or the 1925 plat, it is reversed.
This holding may be of cold comfort to Krieger. As we mentioned earlier, the 1919 deed conveyed a portion of the Beach to the original purchasers of Lot 1 on the 1914 plat.[2] But the deed to Krieger did not convey Lot 1 as such. As the circuit court correctly found, Krieger was deeded a parcel of land described only by metes and bounds. This unambiguous description did not include any part of the Beach. The circuit court also rightly found that a quitclaim deed to Krieger of an interest in a destroyed boathouse related only to personal property and did not create any ownership interest in real property. Accordingly, we affirm the judgment against Krieger on her claims for quiet title, injunctive relief concerning the Town dock, ejectment, and injunctive relief concerning her request for a dock permit, based on the fact that she does not presently own any part of the Beach.
We also affirm without comment the circuit court's ruling that Krieger failed to prove she adversely possessed the disputed strip of land. Because the court did not reach the Town's claims of adverse possession, prescriptive rights, or the right of customary use, our decision does not address those claims.
Reversed in part, affirmed in part.
DAVIS, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] We are aware that many problems exist in Krieger's chain of title. But those problems are not pertinent to the issue of dedication of the property to public use.
[2] We realize that Lot 1 on the 1914 plat is not exactly the same as Lot 1 on the 1925 plat. This is one of the many problems in Krieger's chain of title.