STRINGER, Judge.
Appellants (“the Property Owners”) own lots in the Sarasota Beach subdivision located on Siesta Key in Sarasota County. The Property Owners live on a right-of-way known as Avenida Del Norte, which runs parallel to a waterway known as the Grand Canal. A strip of land lies between Avenida Del Norte and the canal. The Property Owners filed a complaint against Sarasota County (“the County”) to quiet title to “the canal front portions” of their lots and for slander of their title to the land.[1] The Property Owners also sought to enjoin the County from maintaining the canal front portion of their lots. The trial court granted summary judgment in favor of the County based on the court’s determination that the Property Owners do not have a claim of title to the land. We reverse.
The Property Owners’ deeds convey all or a portion of some numbered lots as referenced in a plat recorded in the Sarasota County Public Records. The plat shows numbered lots with the length of each side of the lots stated on the plat. The Property Owners’ lot lines end at the Avenida Canale Grande, which later became Avenida Del Norte.
The Property Owners and the County moved for summary judgment on different theories of law. The County argued that the Property Owners did not have a claim of title to the land because the plat limited their property by metes and bounds. The County argued that it owned Avenida Del Norte and any land adjacent to the road *1252 way by operation of Florida’s road dedication statute, as codified in section 95.361, Florida Statutes. The Property Owners argued that Avenida Del Norte was dedicated by the common law, and thus the fee title to the dedicated roadway and any adjacent land created by accretion remained in the original fee owner. The Property Owners asserted that their predecessors were the original fee owners of the property in question because their lots abutted the common-law dedicated roadway and the accreted strip of land adjacent thei*eto.
The trial court granted the County’s motion for summary judgment but did not address the parties’ arguments regarding the dedication of Avenida Del Norte. Instead, the court determined that all three counts of the complaint failed because the Property Owners have not established that they have a claim of title to the land in question. The court concluded that because the plat contains a metes and bounds description of the lots, the Property Owners’ ownership interests are “limited to their lots as described in the deeds.” In so ruling, the court found this court’s prior decision in Krieger v. Town of Longboat Key, 849 So.2d 358 (Fla. 2d DCA 2003), controlling.
In Krieger, the dispute was over a strip of beach that bordered a bay and was across the street from Krieger’s property. 849 So.2d at 359. The Town of Longboat Key claimed an ownership interest in the beach and filed a declaratory judgment action asking the court to determine such. Krieger filed a counterclaim seeking a declaration of rights and other relief. The trial court entered a final judgment in favor of the Town on two bases: (1) that the beach had been dedicated to public use and (2) that Krieger did not have an ownership interest in the land.
This court reversed the trial court’s holding regarding the dedication but affirmed its determination that Krieger did not have an ownership interest. Id. at 361. In affirming, this court explained that the original purchasers of the lot in question were conveyed a portion of the beach, but Krieger’s deed described Krieger’s parcel of land by metes and bounds and did not include any part of the beach. Thus, the court concluded that Krieger had no ownership interest in the beach.
Our reading of Krieger reveals that it is inapplicable to this case. Krieger’s deed did not indicate an intention to convey anything other than a part of the lot as defined by the metes and bounds description in the deed. The original purchasers of the lot in Krieger had been conveyed a portion of the beach, but Krieger’s deed described Krieger’s parcel of land by metes and bounds and did not include any part of the beach. Thus, in Krieger, the original purchasers retained their fee interest in the beach by excluding it from the deed. In this case, however, the Property Owners’ deeds reference the plat and none of the Property Owners’ predecessors retained their fee interest in the canal front portion of their lots.
We conclude that the trial court erred in relying on Krieger to determine that the Property Owners do not have a claim of title to the canal front portion of their lots. The Property Owners should not have been precluded from arguing that they were deeded their predecessors’ fee interest in the canal front portions of their lots based on common law doctrines which provide for ownership of abutting common-law dedicated roadways and any accreted land appurtenant thereto. We note that the County has raised the dedication argument it made in its motion for summary judgment as an alternative basis for affirming the final summary judgment. However, *1253 we decline to rule on this issue because the trial court did not reach it below.
We therefore reverse the final summary judgment. We caution that our holding today is extremely limited. We have concluded that the trial court erroneously determined that the Property Owners do not have a claim of title to the canal front portion of their lots under Krieger. We have not decided whether the Property Owners own fee title to the land or any issues regarding the dedication of the land. Our ruling therefore does not preclude the parties from raising the other arguments they made in their motions for summary judgment on remand.
Reversed and remanded.
WHATLEY and CANADY, JJ, Concur.

. Appellee Richard K. Figliuzzi was a plaintiff property owner in this case, but he has been dropped as a party.