PER CURIAM.
The appellant filed an action against the State Department of Transportation herein referred to as the Department, and against Dade County, for damages for personal injuries received when he fell on a sidewalk adjacent to Biscayne Boulevard in the vicinity of 110 Terrace, in an unincorporated *1220 area of Dade County. Plaintiff alleged his fall was proximately caused by a defect in the sidewalk due to improper maintenance. The defendants answered, denying negligence and pleading contributory negligence. An initial jury trial of the case ended adversely to the plaintiff, and he appealed. On that trial, which took place after the decision of Jones v. Hoffman, 272 So.2d 529 (Fla.4th DCA, 1973), relating to comparative negligence, but prior to the decision thereon by the Supreme Court in Hoffman v. Jones, 280 So.2d 431 (Fla.1973), the trial court refused a requested jury charge on comparative negligence. Pursuant to Hoffman v. Jones, supra, 280 So.2d at 440, this court reversed and remanded for a new trial. See Premer v. State of Florida, Department of Transportation, 300 So.2d 737 (Fla.3rd DCA, 1974).
Thereafter, plaintiff filed an amended complaint realleging the facts upon which the action was based, and alleging each of the defendants was under duty to maintain the sidewalk at said location. Defendants answered, generally denying the allegations and pleading contributory negligence and assumption of risk. After certain discovery was had, a motion of the defendant Dade County for dismissal was granted. The order stated: “The County of Dade’s motion to dismiss amended complaint is hereby granted, it affirmatively appearing that the County of Dade has no legal duty, responsibility, or obligation in this cause”. The present appeal does not involve that ruling.
The action proceeded to trial against the Department, before a jury. Involved in the action, in addition to issues relating to negligence of the parties, was the question of whether the Department was under a duty to maintain the adjacent sidewalk. The question thus presented was one of law, to be determined upon consideration of several statutes, when read together. Applicable were Section 337.31 (now section 95.361, Florida Statutes 1975) under which the State had acquired “all right, title, easement, and appurtenances in and to the road [in the County]”, by reason of previously having maintained or repaired the same for a consecutive period of four years; Section 335.04(2) and (3), and (3)(a) and (b), Florida Statutes (1975), under which Biscayne Boulevard, United States Highway # 1, is a part of the State Highway System; and Section 334.03(15), Florida Statutes (1975), which defines “State Roads” as those that are part of the state highway system, “including the road bed, right-of-way, embankments, slopes, retaining walls, sidewalks, bridges, tunnels and viaducts necessary for the maintenance of travel thereon and all ferries in connection therewith” [In 1963 the Legislature, by Chapter 63-27, had amended the statutory definition to include sidewalks].
That question, which was one of law to have been decided by the court, instead was submitted to the jury for decision, without explanation, by reading to the jury Section 337.31 (now Section 95.361), Florida Statutes, and Section 334.03(15), Florida Statutes (1975), defining “State Roads”.
The jury returned a verdict for the defendant Department. The plaintiff then prosecuted the present appeal. The brief of the appellant presents two arguments, first that the court erred in refusing to rule as a matter of law on the question of the defendant Department’s duty to maintain the sidewalk, and second that the court erred in submitting such question to the jury.
An examination of the record discloses that those questions were not preserved for presentation on appeal. No objection was made on the behalf of the plaintiff to the trial court submitting such question to the jury. We have carefully examined the conference on the jury’s charges which was held preliminary to the arguments of counsel, and have examined the charges which the court gave to the jury. In the charge conference the court disclosed intention to submit the question to the jury on the basis of reading such statutes to the jury. The attorneys for the parties did not object, and in fact expressed approval thereof. After the jury was so charged there was no objection made by counsel. When the jury requested further instruction with reference to said matter, the court with the approval *1221 of the attorneys for the parties, re-read said sections of the statutes to the jury. Under those circumstances, the judgment must be affirmed. Pla.R.Civ.P. 1.470(b); High, Clarke & Feneis, Inc. v. Public Mutual Insurance Company, 238 So.2d 169 (Fla.3rd DCA 1970); Starkey v. Chew, 241 So.2d 870 (Fla.3rd DCA 1970); Frankowitz v. Beck, 257 So.2d 918 (Fla.3rd DCA 1972); Bader Brothers Transfer & Storage, Inc. v. Campbell, 299 So.2d 114 (Fla.3rd DCA 1974).
Affirmed.