McCORD, Chief Judge.
This is an appeal from a judgment permanently enjoining appellant, John Madden, from interfering with appellee, Florala Telephone Company, in its construction of telephone lines and equipment within the right-of-way area of a certain road in Sections 32 and 33, Township 5 North, Range 23 West, Okaloosa County, Florida. We affirm.
Appellee brought this suit for injunction against appellant alleging that appellant had interfered with appellee’s construction and installation of telephone lines in certain areas of Okaloosa County. Appellant is the owner of certain lands bordering the telephone construction and contends he is the owner of the lands over which the construction is being done by appellee.
The Board of County Commissioners of Okaloosa County gave appellee authority to construct and maintain utility lines and equipment on county maintained roads including the area here in question. This suit arose over appellee’s attempt to replace aerial telephone wires with underground cables along a road which traverses appellant’s lands. Appellant interfered with the construction claiming that the county did not own the land on which the cables were to be installed; that the land was owned by him and was thus being taken by appellee without just compensation. At the final hearing, appellee produced a map of the area in question which had been filed with the Clerk of the Court (but had not been recorded) and which purported to show compliance with the requirements of § 95.361, Florida Statutes (1975), which provides in pertinent part as follows:
“(1) When a road, constructed by a county, a municipality, or the Division of Road Operations, has been maintained or repaired continuously and uninterruptedly for 4 years by the county, municipality, or Division of Road Operations, jointly or severally, the road shall be deemed to be dedicated to the public to the extent in width that has been actually maintained for the prescribed period, whether the road has been formally established as a public highway or not. The dedication shall vest all right, title, easement, and appurtenances in and to the road in:
(a) The county, if it is a county road;
(b) * * *
(c) * * *
whether there is a record'of a conveyance, dedication, or appropriation to the public use or not.
(2) The filing of a map in the office of the clerk of the circuit court of the county where the road is located showing the lands and reciting on it that the road has vested in the state, a county, or a municipality in accordance with subsection (1) or by any other means of acquisition, duly certified by:
(a) * * *
(b) The chairman and clerk of the board of county commissioners of the county, if the road is a county road; or
(c) * * *
shall be prima facie evidence of ownership of the land by the state, county, or municipality, as the case may be.”
The County Commission’s Minute Book shows that the Board of Commissioners adopted the map and evidence was presented in the trial below that the county had maintained the road for more than four years.
*477 § 362.01, Florida Statutes (1975), provides as follows:
“Any telegraph or telephone company chartered by this or another state, or any individual operating or desiring to operate a telegraph or telephone line, or lines, in this state, may erect posts, wires and other fixtures for telegraph or telephone purposes on or beside any public road or highway; provided, however, that the same shall not be set so as to obstruct or interfere with the common uses of said roads or highways. Permission to occupy the streets of an incorporated city or town must first be obtained from the city or town council.”
The trial court granted the injunction as aforesaid finding that § 95.361(2), Florida Statutes (1975), does not require the recording of the questioned map in the office of the Clerk of the Circuit Court but contemplates instead the filing of a map; that dedication of the public way may be proven by § 95.361(2), Florida Statutes (1975), or by complying with the provisions of § 95.361(1). The trial court further found that although no survey or map was introduced showing the width of the roads at every point, it found from the evidence that the right-of-way area varies from a minimum of 23 feet to a maximum of 36 feet. The map which was filed in the Office of the Clerk of the Circuit Court pursuant to § 95.361(2) was an Okaloosa County general map which does not show the boundaries of the road in question. The trial court found that the road in question had been dedicated under the foregoing statute. There is competent substantial evidence to support such finding.
Appellant further contends that if the county has acquired any rights under § 95.361, its rights are only to a road easement, and it has not acquired fee title to the land. We disagree. § 95.361(1) provides:
“The dedication shall vest all right, title, easement and appurtenances in . . ”
(Emphasis supplied.)
Had the legislature intended only an easement, it would not have used the above all-inclusive language. In support of its contention, appellant cites State v. Jacksonville Expressway Authority, 139 So.2d 135 (Fla.1962). There, however, the court was construing a condemnation statute, and it held that the condemning authority should be limited to taking only such property as it needed for the public use involved. The court there further stated:
“In the absence of an expressed statutory requirement, a condemning authority may exercise its discretion as to the quality and quantum of estate needed to meet the needs of the public purpose involved. When, however, the Legislature stipulates the extent of the interest in land which must be acquired, then both the condemnor and this Court are bound to recognize the legislative prescription." (Emphasis supplied.)
While the statute here is not a condemnation statute, the legislature has stated the quantum of estate which shall vest under its provisions — “all right, title, easement, and appurtenances” (emphasis supplied). This clearly means fee simple title. Having acquired fee simple title to the road, the county had full authority to permit appellee to construct its telephone lines within the confines thereof.
It is not clear from the record whether appellee seeks to lay its line under the area actually maintained by the county for the requisite period or whether it seeks (where the maintained area varies in width) to place its line beside the maintained area. Neither the county nor any other person or corporation claiming under the county has any rights beyond the boundary of such road which has been actually maintained.
We affirm based upon the record before us but remand for such further proceedings as may be appropriate should appellant contend that the telephone lines and equipment do not lie entirely within the boundary of the road.
BOYER, J., and MASON, ERNEST E., Associate Judge, concur.