383 So.2d 915 (1980)
ST. JOE PAPER COMPANY, a Florida Corporation et al., Appellants,
v.
ST. JOHNS COUNTY, a Body Politic, Appellee.
No. KK-424/NT1-13.
District Court of Appeal of Florida, Fifth District.
March 11, 1980.
As Amended On Denial of Rehearing May 9, 1980.
*916 William A. Van Nortwick, Jr., of Martin, Ade, Birchfield & Johnson, Jacksonville, for appellants.
James G. Sisco, St. Augustine, for appellee.
BOOTH, Associate Judge:
This cause is before us on appeal from a final judgment holding a roadway across property owned by St. Joe had become the property of appellee under Florida Statutes, § 95.361, which is, in pertinent part, as follows:
"(1) When a road, constructed by a county, a municipality, or the Division of Road Operations, has been maintained or repaired continuously and uninterruptedly for 4 years by the county, municipality, or Division of Road Operations, jointly or severally, the road shall be deemed to be dedicated to the public to the extent in width that has been actually maintained for the prescribed period, whether the road has been formally established as a public highway or not. The dedication shall vest all right, title, easement, and appurtenances in and to the road in:
"(a) The county, if it is a county road;"
The facts are that appellant, St. Joe Paper Company, has, since 1946, held record title to property located between State Road A1A and the Atlantic Ocean known as Mickler's Landing. Crossing St. Joe's property from the highway to the ocean is a roadway known as Mickler's Access. The evidence showed that there has been an access to the beach at this location since the government survey of 1840 and that the access way is the result of natural geological formations of coquina and limerock. Prior to 1952, the access way was subjected to heavy use by the county road department, including the removal of the natural material which was used to build roads in the area, and to use by the general public.
In 1952, the County, by resolution, abandoned any interest acquired by its use of the roadway in exchange for a parcel of property deeded to it by St. Joe. Thereafter, the record reflects that, between 1952 and 1974, the County intermittently placed coquina and limerock and used a grader to remove the drifting sands blown across the roadway.
In 1974, the County paved the access way with asphalt. St. Joe filed its complaint in *917 January of 1976, seeking quiet title to the property and to enjoin further trespass. The County answered, claiming that the access way had been dedicated by operation of § 95.361. The cause was tried to the court without a jury and final judgment entered in favor of the County, awarding a twelve-foot roadway.
On appeal to this court, St. Joe contends that Florida Statutes, § 95.361, to the extent that it has been construed to give rise to a conclusive presumption of dedication, is unconstitutional. We find it unnecessary to address this issue, since we find merit in St. Joe's other issue on appeal, that compliance with the requirements of the statute was not established in this case. Specifically, we find that the County did not meet the requirement of "construction" of the roadway as required.
At common law, and in Florida, twenty years is required in order to create a prescriptive easement and seven years for acquisition of title by adverse possession.[1] Florida Statutes, § 95.361 creates an exception to these general rules by providing a substantially shorter four-year period. The statute applies to create a presumption of dedication in favor of the public and thereby deprives the legal title owner of his property within a relatively short period of time, but only when the requirements of the statute are strictly met. Acts which might prove sufficient for establishment of a prescriptive right at common law, such as continuous use of the roadway, are not sufficient. The roadway must, in the first instance, have been constructed, in the sense of built or made, by the public entity so that at a definite point in time it can be said that construction of a road has occurred. The road must be continuously and uninterruptedly maintained or repaired for four years. The statutory requirements are designed to put the legal title holder on notice both as to the commencement of the four-year period (construction) and as to the continued assertion of the adverse claim for four years (repair or maintenance).
The facts in the instant case show that the County did not construct Mickler's Access and that the County's activities prior to the 1974 paving constituted repair and maintenance of a preexisting roadway. It is uncontroverted that the County's paving of the road was in 1974, less than four years prior to St. Joe's filing suit, and, therefore, ineffective under the statute to give the County title to the roadway.
In Pasco County v. Johnson, 67 So.2d 639 (Fla. 1953), the owner of property offered to dedicate a strip of his property for a road, and the County entered onto the realty, cleaned up the brush, stumps and trees, filled and made a useable county road. These activities were held to be a "construction" within the terms of the predecessor of Florida Statutes, § 95.361. In that case, the Florida Supreme Court specifically found that a pre-existing road on the property had been relocated and a "new road" laid out which was "constructed" as required by the statute. The opinion further holds that it is not necessary that the roadway be paved in order to establish construction or that every act involved in the construction be completed at one and the same time. In the instant case, no acts by the County prior to 1974 sufficiently changed the character or nature of Mickler's Access so as to be termed a "construction," to put the landowner on notice and start the running of the statute.
Accordingly, the judgment below is REVERSED and the cause remanded for further proceedings consistent herewith.
McCORD and MELVIN, Associate Judges, concur.
NOTES
[1] 2 Fla.Jur.2d, Adverse Possession, § 15.16.