400 So.2d 787 (1981)
S. Michael GENET, Appellant,
v.
CITY OF HOLLYWOOD, a Municipal Corporation of Florida, Appellee.
No. 80-488.
District Court of Appeal of Florida, Fourth District.
June 10, 1981.
Rehearing Denied July 30, 1981.
Bruce S. Rogow, Fort Lauderdale, formerly of Josefsberg & Tarre, P.A., Miami, for appellant.
Sherman Bennett Mayor, Hollywood, for appellee.
DOWNEY, Judge.
This is an appeal from a judgment quieting title to a parcel of property in Broward County in favor of the City of Hollywood, Florida.
Appellant is the owner of a tract of land, improved with a hotel, which abuts a public street known as Atlantic Boulevard in the City of Hollywood, Florida. Atlantic Boulevard appears as a dedicated street on the Plat of Seminole Beach, a plat initially recorded in the public records of Broward County, Florida, in 1915.
The suit commenced when appellant filed his complaint to quiet title to a trapezoidal shaped piece of property which the City contends is a part of the right of way of Atlantic Boulevard. In its answer the City asserted two defenses: 1) the City owned the parcel in question by reason of the dedication contained in the amended Plat of Seminole Beach and acceptance of the dedication by use and maintenance, and 2) the City claimed a prescriptive easement as a result of the public adverse user for a period in excess of twenty years. The City also *788 filed a counterclaim asserting that the disputed land is a public street and prayed that appellee be ejected therefrom.
The evidence showed that a plat of Seminole Beach was filed in 1915. The plat shows a street named Atlantic Boulevard running along the west boundary of the subdivision, which is also the east boundary of the property owned by appellee. Said street incorporates the trapezoidal parcel in question here. However, the uncontradicted proof at trial by Roger Staley, Esquire, a member of the Broward County Bar who was tendered as an expert in real estate law, was that the developer of the subdivision known as Seminole Beach did not own the title to the parcel in question and so the developer could not dedicate the parcel to the public. In addition, Mr. Staley testified that in his opinion title to said parcel was in appellant. The City sought to offset this proof by evidence showing either a prescriptive easement resulting from continuous public use of the beach area since the late 1920's, or a presumed dedication under Section 95.361, Florida Statutes (1977), because of the City's alleged maintenance of the property for the statutory period of time.
We would first dispose of the City's contention that it owns the property by presumed dedication pursuant to Section 95.361, Florida Statutes (1977). The statute provides:
95.361 Roads presumed to be dedicated. 
(1) When a road, constructed by a county, a municipality, or the Division of Road Operations, has been maintained or repaired continuously and uninterruptedly for 4 years by the county, municipality, or Division of Road Operations, jointly or severally, the road shall be deemed to be dedicated to the public to the extent in width that has been actually maintained for the prescribed period, whether the road has been formally established as a public highway or not. The dedication shall vest all right, title, easement, and appurtenances in and to the road in:
(a) The county, if it is a county road;
(b) The municipality, if it is a municipal street, or road; or
(c) The state, if it is a road in the state highway system or state park system, whether there is a record of a conveyance, dedication, or appropriation to the public use or not.
The City adduced proof from a city employee that for a period of less than four years he would occasionally sweep the street, including the disputed area, and that he fixed potholes in Atlantic Boulevard. As Mr. Zinkil testified that under contract with the City a company had laid asphalt on the Boulevard, including the disputed area, though he could not tell exactly the dimensions of the area covered. No testimony at all was adduced relative to the construction of the road; yet in our opinion that element is vital to proof of a presumed dedication under this statute. In Downing v. Bird, 100 So.2d 57 (Fla. 1958), the Supreme Court, in construing the predecessor of Section 95.361, Florida Statutes (1977), pointed out that a municipality could acquire title to a road right of way by complying with subsection (2) by filing a map with the Clerk of the Circuit Court, etc., or:
The City could, without the filing of such a map, prove its construction and maintenance of the road, continuously and uninterruptedly, for the prescribed period. 100 So.2d at 61-62. (Emphasis supplied.)
The proof presented to show use and maintenance for a four year period was slim, but absent proof of construction of the road, the City can not prevail on this theory.
Adverting now to the appellee's second contention, that the City owns the property by prescriptive easement resulting from continuous adverse use by the public, we hold that the proof adduced did not rise to the level required to prove adverse possession.
The rule in Florida is that the acquisition of another's property based on possession or use is not favored and thus proof of such title by adverse possession *789 must be clear and positive. Downing v. Bird, supra. The elements necessary to prove a prescriptive easement or adverse possession of the property in question are: 1) Continued, uninterrupted use of the property by the public for road purposes for a period of twenty years or more; 2) the use was adverse or under claim of right; 3) the parameters of the right of way, i.e., the width and length thereof. All of these elements "must be proved by clear and positive proof, and can not be established by loose, uncertain testimony which necessitates resort to mere conjecture." 100 So.2d at 64.
We have closely scrutinized the City's proof in support of its claim of title by adverse use and conclude that it lacks the quality which the cases say is necessary to defeat another's title. As Downing, supra, points out "the use or possession is presumed to be in subordination of the title of the true owner, and with his permission and the burden is on the claimant to prove that the use or possession is adverse." In addition, Downing teaches that there is no presumption that if adverse possession is once shown the possession continues to be adverse. Clear and definite proof that it remained so for the full period is necessary. There is proof in this case that there was public use over an extended period of time. However, proof of the adverse character thereof is wanting. The two primary witnesses for appellee, Zinkil and David, testified to the public use of the paved area on the property in question. Their testimony demonstrates a substantial use by members of the public, but there is little evidence that the use described was adverse to appellant's ownership nor even inconsistent therewith, and none that such adverse use was consistent throughout the full prescriptive period.
Accordingly, the judgment appealed from is reversed and the cause is remanded with directions to enter judgment for appellant quieting his title in and to the parcel of property in question.
REVERSED AND REMANDED with directions.
UPCHURCH, JOHN J., IV, Associate Judge, concurs.
HURLEY, J., dissents with opinion.
HURLEY, Judge, dissenting.
I concur with the majority's holding that the proof below was inadequate to support a finding of prescriptive easement or dedication pursuant to Section 95.361, Florida Statutes (1977). Nonetheless, utilizing the maxim that we should uphold the trial court if its judgment is sustainable under any theory supported by the record, Savage v. State, 156 So.2d 566 (Fla. 1st DCA) cert. denied, 158 So.2d 518 (Fla. 1963), I would affirm the judgment of the trial court subject to the qualification set forth below. I believe the trial record contains abundant evidence to support a finding of implied common law dedication. See Hollywood, Inc. v. City of Hollywood, 321 So.2d 65 (Fla. 1975); City of Palmetto v. Katsch, 86 Fla. 506, 98 So. 352 (1923).
From 1915 until the day this case was tried by 1979, it was generally thought that Atlantic Boulevard, the road which traverses the disputed property, was a dedicated public way. At trial, however, appellant produced an expert witness who testified that the original subdivider lacked title to the property which had been dedicated in 1915, and again in 1918, as a public road. Yet, it is undisputed that from 1915, the year in which the first plat was recorded, on through the next sixty-six years, the public regularly used Atlantic Boulevard to gain access to the beach and to the Atlantic Ocean. In fact, today Atlantic Boulevard is a paved roadway. Furthermore, the maps and pictures in evidence establish that appellant's building, together with those of the adjoining landowners, is situated so as to demonstrate the existence of a roadway. All of this, in my view, supports the finding that appellant's predecessors in title acquiesced in, and thereby impliedly agreed to, the original subdivider's intent to dedicate *790 the property for use as a public road. Accordingly, I would confirm appellant's claim that, as the successor in interest to the original dedicator, he is the record title holder to the trapezoidal-shaped piece of property beneath the roadway.[1] However, since the public's past and present use of the road is consistent with the dedicator's purpose, I would deny appellant's claim that he is free to erect a structure which would cross the center-line of the road and impede access to the beach.
In his dissent in City of Daytona Beach v. Tona-Rama, Inc., 294 So.2d 73 (Fla. 1974), Justice Ervin suggested that the judiciary has a positive and solemn duty to protect the public's rights to the enjoyment and use of prescriptive public coastal areas, navigable waters, tidelands and sovereignty lands. Clearly, this duty applies with equal force to established easements and dedicated ways which are essential to assure the public's right of access to Florida's beaches and recreational areas. But I respectfully suggest that our decision today fails to keep faith with the standard enunciated by Justice Ervin. As I see it, the majority opinion does not give due consideration and weight to the historically documented use of the property. Thus, the majority accedes to a private landowner's effort to assert exclusive control over a roadway which has been in the public domain since the early years of this century. I respectfully dissent.
NOTES
[1] See 2 R. Boyer, Florida Real Estate Transactions, ch. 30 (1979); see also Note, Dedication: Rights Under Misuser and Alienation of Lands Dedicated For Specific Municipal Purposes, 7 U.Fla.L.Rev. 82 at 85 (1954).