408 So.2d 764 (1982)
Urban C. BALBIER and Marian A. Balbier, His Wife, Appellants,
v.
CITY OF DEERFIELD BEACH, Appellee.
No. 81-398.
District Court of Appeal of Florida, Fourth District.
January 13, 1982.
Peter A. Portley of Portley & Sullivan, Pompano Beach, for appellants.
Andrew S. Maurodis, Deerfield Beach, and G. Carlton Marlowe, Fort Lauderdale, for appellee.
DOWNEY, Judge.
Appellants, Urban C. and Marian A. Balbier, seek review of a judgment finding they had no interest in a dedicated street right-of-way and awarding them no compensation therefor.
The litigation in the trial court commenced as an eminent domain proceeding against a number of property owners. Lot 1, Block 30, of Deerfield Beach is a platted subdivision lot owned by appellants that is bordered on the east by the Atlantic Ocean, on the west by S.E. 21st Avenue, and on the north by S.E. 7th Street. Appellants settled with the City on the value of Lot 1 but reserved the right to subsequently litigate their claim to the value of the fee in that portion of S.E. 7th Street, which abutted their Lot 1. S.E. 7th Street, which intersects S.E. 21st Avenue, is paved west of 21st Avenue but not east of 21st Avenue. Appellants contended that, since their lot abuts the dedicated right-of-way of S.E. 7th Street, they are entitled to recover the value of the fee in the right-of-way. The City's position, which was adopted by the trial judge, is that the City owns the right-of-way pursuant to the authority of Section 95.361, Florida Statutes (1979), since it has maintained it as a roadway for more than four years prior to the taking.
*765 The City's evidence concerning construction and maintenance of S.E. 7th Street east of S.E. 21st Avenue is scant. The only evidence of any construction or maintenance was adduced by Mr. Vogel, Public Works Director for the City of Deerfield. He testified that the City had done some maintenance on this particular right-of-way for an unspecified number of years. The maintenance involved was installing trash containers near the beach, building steps to the beach with railroad ties, and placing boulders and fill to stem erosion. Thus, we are compelled to hold that the City has failed to bring itself within the statute in question. In pertinent part, Section 95.361 provides:
"Roads presumed to be dedicated

"(1) When a road, constructed by a county, a municipality, or the Division of Road Operations, has been maintained or repaired continuously and uninterruptedly for 4 years by the county, municipality, or Division of Road Operations, jointly or severally, the road shall be deemed to be dedicated to the public to the extent in width that has been actually maintained for the prescribed period, whether the road has been formally established as a public highway or not. The dedication shall vest all right, title, easement, and appurtenances in and to the road in:
* * * * * *
"(b) The municipality, if it is a municipality street or road; or
* * * * * *
"(2) The filing of a map in the office of the clerk of the circuit court of the county where the road is located showing the lands and reciting on it that the road has vested in the state, a county, or a municipality in accordance with subsection (1) or by any other means of acquisition, duly certified by:
* * * * * *
"(c) The mayor and clerk of the municipality, if the road is a municipal road or street, shall be prima facie evidence of ownership of the land by the state, county, or municipality, as the case may be."
The cases indicate the statute should be strictly construed because the effect of the statute is to deprive an owner of his property in a relatively short period of time compared to acquisition of title by prescription and adverse possession. St. Joe Paper Co. v. St. Johns County, 383 So.2d 915 (Fla. 1st DCA 1980). The City could have established its title to the property by showing construction of a road and maintenance thereof for the required four years, or by filing a map as provided under subsection (2). Downing v. Bird, 100 So.2d 57 (Fla. 1958). However, the City failed to bring itself within either subdivision of the statute. There was no proof of the construction required under subsection (1) of the statute and that is essential. Genet v. City of Hollywood, 400 So.2d 787 (Fla. 4th DCA 1981). Nor is the evidence sufficient for the City to proceed under subsection (2). The transcript of the hearing reflects that the City offered in evidence a certified copy of a map of the subdivision as Plaintiff's Exhibit one. However, the map contains no legend reciting that the road in question has vested in the City in accordance with subsection (1); nor does it contain any certification as required. These statutory requirements are mandatory if one seeks to avail itself of that portion of the statute. Downing v. Bird, supra.
In view of the foregoing, the order dated February 6, 1981, is reversed and the cause is remanded for further proceedings to determine appellants' interest in the property in question and the value thereof.
LETTS, C.J., and ANSTEAD, J., concur.