PER CURIAM.
This action arose from a suit instituted by the plaintiff to determine whether title to certain land claimed by the City of Holmes Beach was within its road right of way.[1] The plaintiff appeals a final summary judgment entered in favor of the defendants. We affirm.
Some time prior to 1950, the State of Florida constructed Gulf Drive, also known as State Road 789. The disputed land is adjacent to the paved portion of the road and lies within the deed description of lots owned by the plaintiff. The land was never condemned nor was it ever dedicated. Holmes Beach claimed title through the application of section 95.361, Florida Statutes (1983),[2] and a subsequent transfer from the State of Florida. Section 95.361, Florida Statutes (1983), reads as follows:
95.361 Roads presumed to be dedicated.—
(1) When a road, constructed by a county, a municipality, or the Division of Road Operations, has been maintained or repaired continuously and uninterruptedly for 4 years by the county, municipality, or Division of Road Operations, jointly or severally, the road shall be deemed to be dedicated to the public to the extent in width that has been actually maintained for the prescribed period, whether the road has been formally established as a public highway or not. The dedication shall vest all right, title, easement, and appurtenances in and to the road in:
(a) The county, if it is a county road;
(b) The municipality, if it is a municipal street or road; or
(c) The state, if it is a road in the state highway system or state park road system, whether there is a record of a conveyance, dedication, or appropriation to the public use or not.
(2) The filing of a map in the office of the clerk of the circuit court of the county where the road is located showing the lands and reciting on it that the road has vested in the state, a county, or a municipality in accordance with subsection (1) or by any other means of acquisition, duly certified by:
(a) The secretary of the Department of Transportation, if the road is a road in the state highway system or state park road system;
*544 (b) The chairman and clerk of the board of county commissioners of the county, if the road is a county road; or
(c) The mayor and clerk of the municipality, if the road is a municipal road or street,
shall be prima facie evidence of ownership of the land by the state, county, or municipality, as the case may be.
In moving for summary judgment, the defendants produced a map filed in 1968 with the Clerk of the Circuit Court of Manatee County. The map reflected a forty-foot right of way for State Road 789 which contained a certificate of an appropriate officer of the state road department that the land traversed by such road had vested in the state pursuant to section 95.361. The defendant also filed a 1968 affidavit of a state road department engineer reciting that the department had continuously maintained State Road 789 from 1949 to 1968 for its entire width as shown on the map. The disputed land is within the forty-foot right of way.
The plaintiff countered with an affidavit of George A. Aspinall, a surveyor, who asserted that the width of the road actually maintained was the twenty-foot-wide asphalt pavement together with two feet on each side for a sub-base. The plaintiff also filed an affidavit of Avis W. Von Dissen, who had owned a portion of the plaintiff’s property from 1967 to 1980. She stated that neither the city nor any other governmental agency had maintained the disputed land during her period of ownership. She said that she often mowed the grass in the disputed area, and that the plaintiff had recently improved it by the addition of swa-le and sodding.
The filing of the map pursuant to section 95.361(2) was prima facie evidence that the state had acquired ownership of the road right of way through the construction and maintenance as provided by subsection (1) of the same statute. There is nothing in the record disputing either the recitation of the certificate or the engineer’s affidavit, with the possible exception of Ms. Von Dissen’s affidavit as it pertains to the years 1967 and 1968. However, the statute does not require that the four years of continuous maintenance or repair immediately precede the filing of the map and certificate.
In construing a forerunner of section 95.361, our supreme court held that a city “could, without the filing of such a map, prove its construction and maintenance of the road, continuously and uninterruptedly, for the prescribed period.” Downing v. Bird, 100 So.2d 57, 61-62 (Fla.1958). If the city can obtain title without the filing of the map, it can hardly be said that the four years of requisite activity must immediately precede the filing of the map. Therefore, the state had already acquired title long before the period of time encompassed by Ms. Von Dissen’s affidavit. The affidavit of the plaintiff’s survey- or consists of nothing more than conclusions.
Admittedly, our construction of section 95.361 would theoretically permit a city to assert ownership predicated upon an isolated four-year period of maintenance or repair which occurred many years ago. Under these circumstances, however, if it were shown that the city had more recently surrendered its performance of maintenance and repair to others, its claim of ownership could be rejected upon a theory of estoppel or abandonment. The plaintiff’s proof in this case fell far short of establishing either theory. Obviously, it is necessary for a road right of way to extend a reasonable distance beyond the paved portion of the road. A forty-foot right of way for a state road is hardly unreasonable. The fact that adjacent owners have been permitted to plant grass to the edge of the roadway and otherwise maintain the land within the right of way by acquiescence does not mean that the owner of the right of way has abandoned all but the paved portion of the road. Accordingly, the court properly entered summary judgment against the plaintiff.
Affirmed.
GRIMES, A.C.J., and SCHEB and DAN-AHY, JJ., concur.

. Title to this land is important to the plaintiff because its area, when added to the balance of plaintiffs property, would allow the construction of an extra condominium unit under existing zoning laws.

. The law has been in essentially the same form for more than forty years though under different numbers. Therefore, references to section 95.361 in this opinion should be read to include its predecessor statutes.