732 So.2d 369 (1999)
Anthony R. HANCOCK and Francine T. Hancock a/k/a Kathy P. Hancock, his wife, Appellants/Cross-appellees,
v.
Ralph Edward TIPTON and Sylvia Tipton, his wife, Appellees/Cross-appellants, and Harold Tipton, his heirs or successors, and
Polly Tipton, his wife, and James Tipton and Mary Tipton, his wife, Appellees/Cross-appellees.
No. 97-02792.
District Court of Appeal of Florida, Second District.
February 19, 1999.
*370 Charles D. Waller of Charles D. Waller, P.A., Dade City, for Appellants/CrossAppellees.
David J. Murphy of Greenfelder, Mander, Hanson, Murphy & Dwyer, Dade City, for Appellees/Cross-Appellants.
Harold Tipton and Polly Tipton, pro se.
NORTHCUTT, Judge.
In this case the trial court made a laudable attempt to bring a simple end to a complicated and bitter dispute among neighboring property owners. Alas, we must reverse the final judgment. We conclude that the plaintiffs below are not entitled to relief against the defendants Hancock, but are entitled to an implied way of necessity over lands owned by the defendants Tipton. We remand for further proceedings.

BACKGROUND
The parties own adjacent lands in Pasco County. Anthony and Francine Hancock purchased their property in 1986. It abuts County Road 575, which runs south along the Hancocks' west boundary until it approaches their southwest corner, where the road effects a lazy curve to the west. The various Tipton parcels lie immediately south of the Hancocks', and derive from a common grantor. James and Mary Tipton own property adjacent to the southwest portion of the Hancock property; the remainder of the Hancocks' southern border adjoins property owned by Harold and Polly Tipton.[1] Ralph and Sylvia Tipton own land to the south of Harold's and Polly's. The former's northern property line is contiguous with the west portion of the latter's southern property line.
Ralph's and Sylvia's parcel lies in the heart of the Tipton family lands, and is landlocked. When they acquired their property they were granted an easement running east just outside Harold's and Polly's southern property line. At the east edge of the Tipton lands, the easement turns north. It stops at Harold's and Polly's northeast corner. That spot is at the east end of the property line that the Hancocks share with the Tiptons. Recall that C.R. 575 lies at the west end of that property line. This litigation stemmed from Ralph's and Sylvia's effort to extend their ingress and egress from the one point to the other and thus to obtain an outlet to the county road. Ralph testified that he and Sylvia desire to sell their property, but cannot do so without legal ingress and egress.
As mentioned, C.R. 575 arcs away from the Hancocks' property at its southwest corner. On the outside of the curve is a *371 lime rock track in the shape of a reverse L which joins the county road at both ends, roughly forming a right triangle with the county road as its hypotenuse. It is used by school buses and other vehicles as a turnout. The horizontal base of the triangle lies generally along the property line shared by the Hancocks and James and Mary Tipton. Extending east from the right angle of the turnout are two unpaved roads. One is an eight-feet-wide rutted path which meanders across the property line in one or two places, but lies mostly on Tipton land. According to Bobby Simmons, a surveyor who testified at trial, this road was known to exist since at least the early 1960s. The other is a twelve-feet-wide gravel road lying entirely within the southern 30 feet of the Hancocks' property. It was constructed by the Hancocks in 1987.[2] Ironically, it is known as "Tipton Road." It and the rutted road converge at the northeast corner of Harold and Polly Tipton's property, where Ralph and Sylvia Tipton's easement ends. Ralph and Sylvia desire to use one of these roads to complete their ingress and egress.

THE PROCEEDINGS BELOW
Ralph and Sylvia Tipton filed an action seeking to accomplish their objective under four alternative theories. Count I of their amended complaint sought a declaration of their right to use a road right-of-way or easement across the south 30 feet of the Hancock property. The Tiptons alleged that the right-of-way or easement had been "documented" in 1964, when the Hancocks' predecessor granted an easement to a third party. In count II Ralph and Sylvia sought a statutory way of necessity over the Hancock property under section 704.01(2), Florida Statutes (1995). Count III alleged an implied grant of a way of necessity across the properties of Harold and Polly Tipton and James and Mary Tipton pursuant to section 704.01(1). In count IV Ralph and Sylvia claimed entitlement to a prescriptive easement over the Hancock land.
The action was tried to the court sitting without a jury. Significantly, when testifying at trial Simmons, the surveyor, remarked that Tipton Road was maintained by Pasco County. He recounted seeing the road listed among records of county-maintained roads. Anthony Hancock and James Tipton testified that, in fact, the county does not maintain the gravel road beyond the school bus turnout.
In its final judgment the trial court found that the entire roadway located on the Hancocks' property was listed by Pasco County as a county-maintained road or county road, that the Hancocks had permitted the postal service and others to use this roadway, and that the county had named the road "Tipton Road." Based on those findings, the court concluded that "by reason of its nature, by reason of the actions by the County, [Tipton Road] has in fact become a public road...." Accordingly, the court ruled, Ralph and Sylvia Tipton have legal access to their property from C.R. 575 across Tipton Road to their easement. In the alternative, the court held that "[i]n the event the determination that Tipton Road is a public road is reversed on appeal," Ralph and Sylvia have established a statutory way of necessity across, the northern portions of the lands owned by James and Mary, and by Harold and Polly.
In a motion for rehearing the Hancocks pointed out that no pleading asked the court to declare that Tipton Road is public, and that the issue was not tried. Although surveyor Simmons testified to his understanding that Pasco County maintains the entire length of the road, the Hancocks' motion for rehearing presented evidence that such is not the case. They attached a letter from Richard Zeigler, a project supervisor in the Pasco County Public Works *372 Department, advising that the county historically has maintained the school bus turnout. But, he wrote, the county has never accepted the remainder of the roadway into a maintenance program, nor has it voluntarily assumed any such maintenance responsibility. Zeigler acknowledged that some unofficial county records indicated that the entire length of the road is maintained by the county, but stated that this was a typographical error. The court accepted the Hancocks' counsel's argument and proffer of Zeigler's testimony, but denied their motion for rehearing.
The court granted motions for rehearing filed by the various Tiptons to the extent that the court struck from the final judgment its alternative ruling that there is a statutory way of necessity across the Tipton defendants' lands. The Hancocks appealed, and Ralph and Sylvia Tipton cross-appealed.
We reverse the ruling that Tipton Road is public, for two reasons. First, the plaintiffs did not plead that theory. See Kerrigan, Estess, Rankin & McLeod v. State of Florida, 711 So.2d 1246, 1248 (Fla. 4th DCA 1998). Where an order adjudicates issues neither presented by the pleadings nor litigated by the parties, it denies fundamental due process and must be reversed. See Moody v. Moody, 721 So.2d 731, 733, 23 Fla. L. Weekly D1424, D1426 (Fla. 1st DCA 1998).
Second, even assuming that such a theory was tried by consent, the evidence did not support the conclusion that the road has been dedicated to public use. A roadway can become dedicated to public use either under common law or by statutory presumptive dedication. Common law dedication requires proof of (1) an intention by the landowner to dedicate the property to public use, and (2) an acceptance by the public. Proof of both elements must be clear and unequivocal, and the burden of proof is on the party claiming the dedication. See Star Island Associates v. City of St. Petersburg Beach, 433 So.2d 998, 1003 (Fla. 2d DCA 1983); Bishop v. Nussbaum, 175 So.2d 231, 232 (Fla. 2d DCA 1965).
The facts recited in the final judgment do not support a conclusion that the Hancocks intended to dedicate their road to public use. Although the Hancocks have permitted the postal service and others to use the road, the undisputed evidence at trial was that they have done so as a matter of grace. Nor was there clear and unequivocal evidence that the public ever accepted a dedication of the road. The surveyor's testimony that the county maintains the road was based on his examination of a document containing hearsay, was disputed by eye witnesses at the trial, and ultimately was refuted by the county itself. See Star Island, 433 So.2d at 1003.
Section 95.361(1), Florida Statutes (1995), sets out the requirements for a statutory presumptive dedication. A road constructed by a county, municipality, or the Department of Transportation that has been maintained or repaired by it continuously and uninterruptedly for four years is deemed to be dedicated to the public, whether or not the road has been formally established as a public highway. Here, it is undisputed that the county did not construct the road. Indeed, the trial court found that the Hancocks constructed it at their sole expense. The failure of that element alone defeats a dedication under the statute. See, e.g., Genet v. City of Hollywood, 400 So.2d 787 (Fla. 4th DCA 1981); St. Joe Paper Co. v. St. Johns County, 383 So.2d 915 (Fla. 5th DCA 1980); but cf. Madden v. Florala Telephone Co., 362 So.2d 475 (Fla. 1st DCA 1978)(evidence of unrecorded map which purportedly showed compliance with road dedication requirements, county's adoption of map and maintenance of road for more than four years sufficient to show that road dedicated).
On cross-appeal, Ralph and Sylvia argue that the trial court erred by failing to grant them a prescriptive easement over the Hancock property. In its *373 final judgment the trial court noted that the evidence failed to establish a prescriptive easement, and we agree. A prescriptive easement is established upon a showing of twenty years of adverse use. See Telesco v. Nooner and Neal Co., 600 So.2d 1291 (Fla. 1st DCA 1992). Tipton Road was constructed by the Hancocks in 1987, and the plaintiffs did not acquire their property until 1990. Moreover, the permissive use of the road by the postal service and others has not been adverse. See Cook v. Proctor & Gamble Cellulose Co., 599 So.2d 688, 689 (Fla. 1st DCA 1992); Sapp v. General Development Corp., 472 So.2d 544, 545-546 (Fla. 2d DCA 1985).
Ralph and Sylvia argue, alternatively, that they are entitled either to a statutory way of necessity over the Hancocks' land or to an implied way of necessity over the two defendant Tipton properties. Ways of necessity, both implied under common law and statutory, are governed by section 704.01, Florida Statutes (1995). To establish a statutory way of necessity, the owner of the landlocked parcel must show that the property is not served by a common law easement. See Bell v. Cox, 642 So.2d 1381, 1384 (Fla. 5th DCA 1994). Because we conclude that Ralph and Sylvia are entitled to an implied way of necessity over Tipton family land, they are not entitled to a statutory way of necessity over the Hancock property.
Section 704.01(1), Florida Statutes (1995), states that an implied grant of a way of necessity exists
where a person has heretofore granted or hereafter grants lands to which there is no accessible right-of way except over her or his land, or has heretofore retained or hereafter retains land which is inaccessible except over the land which the person conveys. In such instances a right-of-way is presumed to have been granted or reserved.
* * *
An implied grant arises only where a unity of title exists from a common source other than the original grant from the state or United States....
As the trial court found, Ralph and Sylvia's property shares unity of title with the lands owned by the defendants Tipton. The evidence demonstrated that Ralph and Sylvia's land became inaccessible as a result of conveyances dividing the original parcel. Under the common law as clarified by the foregoing statute, when those conveyances were made, rights-of-way were presumed to have been granted or reserved as necessary. It remains for the trial court to determine the precise location of the implied way of necessity serving Ralph's and Sylvia's property.
We reverse the determination that a public road traverses the Hancocks' property. We remand with directions that judgment be entered for the defendants on counts I, II, and IV of the amended complaint. The trial court shall enter judgment in favor of the plaintiffs on count III of the amended complaint after determining the location of the implied way of necessity serving the plaintiffs' property. If necessary in the court's discretion, it may take additional evidence on that issue.
BLUE, A.C.J, and GREEN, J., Concur.
NOTES
[1] At oral argument we were advised informally that Harold Tipton died during the pendency of this appeal. On our own motion, we have added his heirs or successors as parties appellee and cross-appellee to the appeal. See Florida Rule of Appellate Procedure 9.360(c)(3).
[2] At trial, Harold Tipton insisted that this road existed as early as 1974. But all other testimony contradicted him. The trial court found that the Hancocks built the road on their property.