Dear Mr. DeMarois:
As Chairman of the Board of Supervisors of the Loxahatchee Groves Water Control District and on behalf of a majority of the members of the board, you have asked for my opinion on substantially the following question:
Whether section 95.361, Florida Statutes, may be utilized to establish a presumption of dedication of certain roads to the Loxahatchee Groves Water Control District.
In sum:
Section 95.361, Florida Statutes, may not be utilized by a special district, such as the Loxahatchee Groves Water Control District, to establish a presumption of dedication in roads located within the district.
According to your letter, the Loxahatchee Groves Water Control District (the district) is an independent special district operating pursuant to its enabling legislation, Chapter 2004-410, Laws of Florida, and applicable provisions of Chapter 298, Florida Statutes. The district has constructed and maintained approximately 29 miles of public access dirt roads associated with its drainage canals for the benefit of its residents since shortly after its creation in 1917. You advise that a majority of the affected residents of the district have given approval by referendum to resurface certain of these roadways and install traffic calming devices.
In preparation for making these roadway improvements, the district has discovered that certain of the constructed and maintained roadways are not located entirely within the legal descriptions of the roads dedicated to the district as shown on a 1925 plat. You have asked whether section 95.361, Florida Statutes, may be utilized to establish a presumption of dedication for these roads, allowing the road improvements to proceed without delay.
Section 95.361(1), Florida Statutes, provides:
"(1) When a road, constructed by a county, a municipality, or the Department of Transportation, has been maintained or repaired continuously and uninterruptedly for 4 years by the county, municipality, or the Department of Transportation, jointly or severally, the road shall be deemed to be dedicated to the public to the extent in width that has been actually maintained for the prescribed period, whether or not the road has been formally established as a public highway. The dedication shall vest all right, title, easement, and appurtenances in and to the road in:
(a) The county, if it is a county road;
(b) The municipality, if it is a municipal street or road; or
(c) The state, if it is a road in the State Highway System or State Park Road System,
whether or not there is a record of a conveyance, dedication, or appropriation to the public use."
Florida courts have addressed this statute and its predecessor, section 337.31, Florida Statutes (1973), to indicate that the statute should be strictly construed. The rationale for a strict construction is based on the fact that the statute has the effect of depriving an owner of his property in a relatively short period of time compared to acquisition of title by prescription and adverse possession.[1] Failure to meet all of the statutory elements defeats a dedication under the statute.[2]
The terms of this statute provide authority only to counties, municipalities and the Department of Transportation. Nothing in section 95.361, Florida Statutes, extends the presumption of dedication or contemplates that dedication will vest title in other governmental entities or political subdivisions. The general rule is that where language is unambiguous, the clearly expressed intent must be given effect, and there is no room for construction.[3]
Further, it is a well-recognized principle of statutory construction that the mention of one thing implies the exclusion of another — expressio unius est exclusio alterius. Thus, when a statute enumerates the things upon which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned.[4] Section 95.361(1), Florida Statutes, is specifically directed to municipalities, counties, and the Department of Transportation and nothing in the statute expands the presumption of dedication to other governmental entities generally.
In light of the clear and unambiguous language of the statute, it is my opinion that a special district, such as the Loxahatchee Groves Water Control District, is not authorized to utilize the provisions of section 95.361, Florida Statutes, to establish a presumption of dedication in roads located within the district.
However, my conclusion that the district does not come within the terms of section 95.361, Florida Statutes, for purposes of statutorily presumptive dedication should not be read as a comment on either the powers of the district to effect a common law dedication or to utilize the provisions of the special act creating the district which provides procedures for dedication of roads within the district.[5]
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See Balbier v. City of Deerfield Beach,408 So. 2d 764 (Fla. 4th DCA 1982). See also St. Joe PaperCo. v. St. Johns County, 383 So. 2d 915 (Fla. 1st DCA 1980);Pasco v. City of Oldsmar,953 So. 2d 766 (Fla. 2d DCA 2007).
[2] Hancock v. Tipton,732 So. 2d 369, 372 (Fla. 2d DCA 1999).
[3] Fine v. Moran, 77 So. 533, 536 (Fla. 1917).
[4] See Thayer v. State, 335 So. 2d 815, 817 (Fla. 1976);Dobbs v. Sea Isle Hotel, 56 So. 2d 341, 342 (Fla. 1952);Ideal Farms Drainage District v. Certain Lands,19 So. 2d 234 (Fla. 1944).
[5] And see Hancock v. Tipton,732 So. 2d 369 (Fla. 2d DCA 1999), discussing prescriptive easement, common law dedication, and statutorily presumptive dedication.And see s. 4, Ch. 2004-410, Laws of Fla., setting forth the powers of the district and authorizing the board of supervisors of the district to accept roads within the boundaries of the district for dedication by following the procedures described therein.