IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-0582

JOHN MATHERS and BRENDA
MATHERS,

     Appellants,

v.

WAKULLA COUNTY, a political
subdivision of the State of Florida,

     Appellee.

_____/

Opinion filed May 2, 2017.

An appeal from the Circuit Court for Wakulla County.
Dawn Caloca-Johnson, Judge.

Ronald A. Mowrey and Mark L. Mason of Mowrey Law Firm, P.A., Tallahassee, for Appellants.

Heather J. Encinosa, Heath R. Stokley, Evan J. Rosenthal, and Carly J. Schrader of Nabors, Giblin & Nickerson, P.A., Tallahassee, for Appellee.

PER CURIAM.

     John and Brenda Mathers (the Matherses) appeal from a final summary

judgment entered in favor of Wakulla County ("the County"). The Matherses argue,

among other things, that the trial court erred in its application of section 95.361(2), Florida Statutes. Because acceptance is not an element of statutory-presumed dedication under section 95.361, and section 95.361 may be invoked by private parties, we agree and reverse the trial court's judgment with respect to Counts 1 and 3. We affirm in all other respects without comment.

## I.

Kristin Lane is a quarter-mile strip of dead-end gravel road located in rural Crawfordville, Florida. The road runs north from East Ivan Road and is the only means of ingress and egress to the handful of residences it serves. The Matherses and Wayne and Brenda Mitchell ("the Mitchells") are adjoining landowners on Kristin Lane, with the Matherses' residence located just north of the Mitchells.

In early July of 2014, the Mitchells erected a fence and gate on the part of their property abutting Kristin Lane. In an effort to block the Matherses from using the road, the Mitchells closed the gate across Kristin Lane and posted a "No Trespassing" sign. Although it necessarily blocked other residents from using Kristin Lane as well, the gate was apparently directed at the Matherses, whose names were emblazoned on the sign in black and white lettering stickers. According to Mr. Mitchell, Mrs. Mathers had been "stating negative things about him."

When they arrived home, the Matherses simply opened the gate and proceeded on their way. The next day the Mitchells chained the gate closed. The evidence

2

conflicts on who telephoned police first, but in either event deputies from the Wakulla County Sherriff's Office eventually responded along with several county employees. The Mitchells claimed that the part of the road traversing their land was privately owned while the Matherses claimed it was publicly owned. At the advice of the deputies, the Mitchells agreed to keep the gate open until the matter could be resolved in the courts.

When the County learned of the dispute between the Mitchells and the Matherses, it searched minutes from meetings held before the Wakulla County Board of County Commissioners for any reference of Kristin Lane or record of a vote accepting Kristin Lane as a dedicated roadway. Finding none, the County's attorney sent the Matherses a letter informing them that the County had determined that Kristin Lane is a private road.

The Matherses filed a four-count complaint naming the Mitchells and the County as defendants. Count 1 of the complaint sought a declaratory judgment confirming that Kristin Lane had become a county road pursuant to section 95.361(2) and that the County was under a duty to maintain and repair it. In Count 2, the Matherses claimed inverse condemnation on a theory of diminished access to their property resulting from an alleged failure of the County to maintain Kristin Lane. Count 3 sought injunctive relief requiring the County to resume maintenance of Kristin Lane. Count 4 sought injunctive relief requiring the Mitchells to remove

3

the fence and gate. The Matherses and the Mitchells eventually entered into a settlement agreement resolving Count 4, leaving the County as the only remaining defendant.

Referring to Kristin Lane, the County acknowledged in answers to interrogatories that "[t]he County Public Works Department has occasionally provided voluntary maintenance or repairs to non-arterial and non-collector roadways that are more in the nature of driveways or private neighborhood roads at the request of citizens as a public service to ensure accessibility for emergency vehicles." However, according to the County, it did not have any legal duty to provide such maintenance or repair to Kristin Lane because it "is not aware of any recorded official document of acceptance of Kristin Lane . . . as a public roadway for use by the general public."

A county-issued document entitled "Work Order Listing Report" listed Kristin Lane as a road maintained by the County for grading. An affidavit completed in 1998 by Don Kemp, superintendent for the Road and Bridge Department of Wakulla County, states that Wakulla County has continuously maintained Kristin Lane for a period of twenty years. Kristin Lane is designated with a green road sign, as opposed to a blue road sign. According to the County's website, the presence of a green road sign indicates that the road at issue is a county-maintained road. The road matrices of Wakulla County reflect that Kristin Lane is listed as an unpaved

4

county road for the years 1997, 2001, and 2008.

Both the Matherses and the County moved for summary judgment. After a hearing on the merits, the trial court granted summary judgment in favor of the County on all three counts. While acknowledging that there was a genuine issue of material fact as to whether Kristin Lane had been regularly maintained or repaired by the County for seven years as required by section 95.361(2), the trial court reasoned that 1) section 95.361(2) cannot be invoked by private parties and 2) a dedication did not occur under section 95.361(2) because the County did not accept ownership of Kristin Lane.

## II.

There are two distinct forms of dedication in Florida with regard to roads: common-law dedication and statutory-presumed dedication. Common-law dedication of a road requires "clear and unequivocal proof" of two elements: 1) an offer to dedicate property to the use of the public and 2) acceptance by the public. Bonifay v. Dickson, 459 So. 2d 1089, 1093-94 (Fla. 1st DCA 1984). An offer to dedicate may be implied from the acts of the landowner. Id. at 1094. Likewise, acceptance may be implied from acts of the public, including "use by the public or maintenance and improvement by the proper authorities of part of the land dedicated." Id. The Matherses do not rely on this form of dedication.

There are two types of statutory-presumed dedication. The first type is set

5

forth in section 95.361(1) and involves roads constructed by a county, municipality, or the Department of Transportation. Under this provision, a private road becomes a public road when it "has been maintained or repaired continuously and uninterruptedly for 4 years by the county, municipality, or the Department of Transportation." § 95.361(1), Fla. Stat. This provision dates to the 1940s. See Sun Plaza W. Dev. Corp. v. City of Holmes Beach, 465 So. 2d 542, 544 n.2 (Fla. 2d DCA 1985) ("The law has been in essentially the same form for more than forty years though under different numbers. Therefore, references to section 95.361 in this opinion should be read to include its predecessor statutes.").

The second type of presumed dedication is set forth in section 95.361(2) and applies to roads *not* constructed by a government entity. Enacted in 2003, this provision employs nearly the same language used in section 95.361(1), the only differences being that the road must have been "regularly maintained or repaired" rather than "maintained or repaired continuously and uninterruptedly" and such maintenance must occur for seven years rather than four years. Because the Matherses rely on this particular provision, its text is set forth in full below:

> (2) In those instances where a road has been constructed by a nongovernmental entity, or where the road was not constructed by the entity currently maintaining or repairing it, or where it cannot be determined who constructed the road, and when such road has been regularly maintained or repaired for the immediate past 7 years by a county, a municipality, or the Department of Transportation, whether jointly or severally, such road shall be deemed to be dedicated to the public to the extent of the width that actually has been maintained or

6

repaired for the prescribed period, whether or not the road has been formally established as a public highway. This subsection shall not apply to an electric utility, as defined in s. 366.02(2). The dedication shall vest all rights, title, easement, and appurtenances in and to the road in:

(a) The county, if it is a county road;

. . . .

whether or not there is a record of conveyance, dedication, or appropriation to the public use.

§ 95.361(2), Fla. Stat. Because it was enacted so much later than section 95.361(1), no case law construes section 95.361(2). However, because the statutory language of each provision is virtually the same, we look to case law on section 95.361(1) for guidance. In those cases applying common-law dedication and statutory-presumed dedication under section 95.361(1), the concepts are discussed separately and analysis of each is not mixed. Importantly, there are no cases applying section 95.361(1) so that the common law elements of offer and acceptance are made requirements of statutory-presumed dedication. Instead, to the extent statutory-presumed dedication is applied, courts focus on the level of maintenance and repair without reference to offer or acceptance. See e.g., Chackal v. Staples, 991 So. 2d 949, 953-56 (Fla. 4th DCA 2008); Pasco v. City of Oldsmar, 953 So. 2d 766, 769-70 (Fla. 2d DCA 2007); Hancock v. Tipton, 732 So. 2d 369, 372 (Fla. 2d DCA 1999); Lee v. Calhoun Cty., 532 So. 2d 43, 43 (Fla. 1st DCA 1988); Osceola Cty. v. Castelli, 435 So. 2d 417, 418 (Fla. 5th DCA 1983); Hodges v. City of Winter Park, 433 So. 2d 1257, 1259 (Fla. 5th DCA 1983); Balbier v. City of Deerfield Beach, 408

7

So. 2d 764, 765 (Fla. 4th DCA 1982); <u>Campanella v. Shuford</u>, 336 So. 2d 1257, 1258 (Fla. 1st DCA 1976).

The County argues that section 95.361 provides for acceptance by the filing of a map with the clerk. The County points to section 95.361(3), which states as follows:

> (3) The filing of a map in the office of the clerk of the circuit court of the county where the road is located showing the lands and reciting on it that the road has vested in the state, a county, or a municipality in accordance with subsection (1) or subsection (2) or by any other means of acquisition, duly certified by:
> (a) The secretary of the Department of Transportation, or the secretary's designee, if the road is a road in the State Highway System or State Park Road System;
> (b) The chair and clerk of the board of county commissioners of the county, if the road is a county road; or
> (c) The mayor and clerk of the municipality, if the road is a municipal road or street,
>
> shall be prima facie evidence of ownership of the land by the state, county, or municipality, as the case may be.

The County misunderstands this particular provision. Filing a map is not necessary to accomplish dedication under the statute. <u>See</u> <u>Sun Plaza W. Dev. Corp.</u>, 465 So. 2d at 544 (noting that a government entity may obtain title under section 95.361 without the filing of a map). Instead, the filing of the map, as the statute states, creates "prima facie evidence of ownership of the land." § 95.361(3), Fla. Stat. Again, there is nothing in section 95.361 requiring that the government entity accept ownership.

Next, the County argues that acceptance must be a requirement of statutory-presumed dedication because a government entity cannot acquire property without intending to do so. The County points out that section 95.361 resides within a chapter entitled "Limitations on Action; Adverse Possession" and argues that it "would be contrary to the concept of adverse possession that an entity could unintentionally meet the requirements to adversely possess property and thereby be required to assume unintended obligations."

The County is mistaken. Adverse possession may occur where the occupier has a mistaken belief of ownership. There is no requirement that the occupier intend to acquire land belonging to another. See Gay Bros. Constr. Co. v. Fla. Power & Light Co., 427 So. 2d 318, 320 (Fla. 5th DCA 1983) (citing Seaboard Air Line R. Co. v. Cal. Chemical Co., 210 So. 2d 757, 761 (Fla. 4th DCA 1968) ("[W]e reject appellant's contention that the occupier must have the subjective intent to appropriate property of another in order for his possession to be adverse.")).

Similarly, there is no requirement that a government entity intend to acquire property under section 95.361. See In re Jackson, 169 B.R. 742, 746 (Bankr. N.D. Fla. 1994) ("The debtor seeks to prove that the County does not own fee title to the land beneath the roadway. He asserts that since the County neither owns the land nor seeks to assert any claim of title to the land, fee title belongs to him. *Regardless of the County's intentions, however, the land may have been dedicated to the County*

9

*by common law or statutory dedication.*") (emphasis added). To the extent the County is concerned with inadvertently assuming heavy financial burdens, it should bear in mind that roads may be abandoned pursuant to section 336.10, Florida Statutes.

In concluding that Kristin Lane was not publicly owned under section 95.361(2) because the County had not accepted ownership, the trial court either inadvertently conflated the concepts of common-law dedication and statutory-presumed dedication, or uncritically assumed that because acceptance is a requirement of common-law dedication, it must also be a requirement of statutory-presumed dedication. However, as discussed above, the plain language of the statute compels a different conclusion. Once dedication occurs, "[t]he dedication shall vest all rights, title, easement, and appurtenances in" one of three government entities, here, the County. § 95.361(2), Fla. Stat. In other words, ownership of the road automatically passes to the government entity at the moment it provides regular maintenance and repair for the prescribed period of time, regardless of any acceptance on the part of the government entity.

Finally, the County argues that summary judgment was warranted because the trial court correctly concluded that section 95.361 cannot be invoked by a private party. However, we see no reason that section 95.361 should be limited to use by government entities. Furthermore, there are a variety of cases in which private

10

parties have been permitted to claim that a roadway became public property by operation of section 95.361. See e.g., In re Jackson, 169 B.R. at 746 (permitting private objector to invoke section 95.361 in order to destroy contiguity of land for purposes of homestead exemption); Darley v. Marquee Enters., Inc., 565 So. 2d 715, 717-18 (Fla. 4th DCA 1990) (holding that trial court erred in refusing to instruct jury on plaintiff's theory that city owned road on which auto accident occurred by operation of section 95.361); Premer v. State, Dep't of Transp., 346 So. 2d 1219, 1220 (Fla. 3d DCA 1977) (stating that personal injury plaintiff's theory that Department of Transportation owned road pursuant to predecessor statute of section 95.361 was question of law).

## III.

In conclusion, acceptance is not an element of statutory-presumed dedication under section 95.361, and section 95.361 may be invoked by private parties. Because the trial court correctly acknowledged that there was a genuine issue of fact on the issue of whether regular maintenance or repair occurred for the prescribed period, this case must be reversed for further proceedings. See Alpha Data Corp. v. HX5, L.L.C., 139 So. 3d 907, 910 (Fla. 1st DCA 2013) ("We reverse the summary judgment in all other respects and remand for further proceedings because there remain genuine issues of material fact.").

The trial court's judgment is reversed and remanded as to Counts 1 and 3 for

further proceedings consistent with this opinion. We affirm in all other respects.

ROBERTS, C.J., WINOKUR, J., and CLARK, JR., BRANTLEY S., ASSOCIATE JUDGE, CONCUR.